The State *v.* Stout.

No. 12,640.

THE STATE *v.* STOUT.

CRIMINAL LAW.— *Prostitute.*— *Indictment.*— *Duplicity.*— Where a statute, like section 2003, R. S. 1881, on the subject of prostitution, makes it an offence to do this, or that, or another thing, mentioning several things disjunctively, either one of which would constitute the same offence, subject to the same punishment, it is the general rule that all the things mentioned may be charged conjunctively in a single count, as constituting but a single offence.

From the Monroe Circuit Court.

*J. E. Henley*, Prosecuting Attorney, *J. W. Buskirk* and *H. C. Duncan*, for the State.

ELLIOTT, J.—The offence for which the appellee was prosecuted is thus charged in the information: "The said Florence Stout did then and there unlawfully frequent and live in a certain house of ill-fame, to wit, the house of James Stout, on Third street, in the city of Bloomington, State and county aforesaid, and did then and there unlawfully associate with women of bad character for chastity, to wit, Martha Mershon, Jane Releford and Emma J. Young, in public places then and there situate, to wit, on the public walks of said city of Bloomington, and at houses which men of bad character frequent and visit, to wit, the house of said James Stout, and the house of one Martha Mershon, and did then and there commit fornication for hire with Oscar Strother and divers other persons."

We have no brief from the appellee, but we understand from that of the appellant that the information was held bad for duplicity.

The information is founded on section 2003, R. S. 1881, which provides that "Any female who frequents or lives in houses of ill-fame, or associates with women of bad character for chastity, either in public or at a house

which men of bad character frequent or visit; or who commits fornication for hire,—shall be deemed a prostitute."

We think the case falls within the rule thus stated in *Fahnestock* v. *State,* 102 Ind. 156: "Where a statute, like section 2002, above quoted, makes it an offence to do this, or that, or another thing, mentioning several things disjunctively, either one of which would constitute one and the same offence, subject to one and the same punishment, it is the general rule that all the things mentioned in the statute may be charged conjunctively in a single count, as constituting but a single offence." *Davis* v. *State,* 100 Ind. 154, and authorities cited.

Judgment reversed.

