## DOUGLASS v. THE STATE.

[No. 2,510.   Filed October 26, 1897.]

GAMING.—*Keeping Pool Room.*—*Criminal Law.*—*Statute Construed.*
—By the provisions of section 2179, Burns' R. S. 1894, it is made a
separate offense for any person to keep a room with devices for
recording or registering bets or wagers, and it is also made an
offense for any person to record or register bets upon certain things
therein specified; the word "and" connecting the two specifica-
tions may properly be read "or" to give the statute the meaning in-
tended by the legislature. *pp. 291, 292.*

STATUTORY CONSTRUCTION.—*Criminal Law.*—Where a statute makes
it a crime to do any one of several things stated disjunctively in
the statute, the whole may be charged conjunctively in a single
count. *pp. 292, 293.*

INSTRUCTIONS.—*When Assailed Collectively.*—Where a series of in-
structions are assailed collectively in a motion for a new trial, all
of the instructions so assailed must be bad or the assignment will
not prevail. *p. 294.*

JURY.—*Discharge of Juror.*—*Record.*—*Presumption.*—Where a juror
was a member of the regular panel at the term of court at which
the cause was tried, and had been excused from jury duty to serve
on a jury in the federal court, and it is not disclosed by the record
that he had been discharged from the regular panel, it will be pre-
sumed that he took his seat as a member of the regular panel and
that he was not called by the bailiff as a talesman. *pp. 294, 295.*

GAMING.—*Evidence.*—*Criminal Law.*—In the trial of a person charged
with keeping a gaming house, evidence is properly admitted to ex-
plain the meaning of slips of paper containing certain words and
figures, which, upon their face, do not appear to be unlawful, but
which were part of the devices for the keeping of which the indict-
ment was brought. *p. 295.*

SAME.—*Evidence.*—*Expert Witness.*—In the trial of a charge of keep-
ing a gaming house, under section 2179, Burns' R. S. 1894, it is com-
petent for a witness who is shown to be familiar with the workings
of such gaming houses to give an opinion as to what the apparatus
and devices from such room were used for at the time of the alleged
offense. *pp. 295, 296.*

EVIDENCE.—*Gaming.*—Proof of a statement by one charged with
keeping a gaming house, made some days after the offense charged

VOL. 18—19

Douglass v. The State.

was alleged to have been committed, that he had nothing to do with the room, nor have any connection with it, that it was run by a corporation and that he was only the operator, was not competent evidence in the trial of such cause.  p. 296.

SAME.—*Examination of Witness.*—Where a witness has already answered a question·there is no error in sustaining an objection to the same question in substantially the same form.  p. 296.

SAME.—*Examination of Witness.*—Where the evidence of a witness has been excluded, but the witness afterwards answers the question in response to another question, no error is committed.  p. 296.

SAME.—*As to Telegram.*—An objection is properly sustained to a question asking that "when a telegram is sent, what if any reply is received," when there is no showing why the telegram itself cannot be produced.  pp. 296, 297.

GAMING.—*Agent of Another.*—One charged with keeping a gaming house cannot escape the penalty by proving that he was conducting it as the agent of another.  p. 297.

From the Marion Criminal Court. *Affirmed.*

*James M. Cropsey* and *Elmer Marshall*, for .appellant.

*W. A. Ketcham*, Attorney-General, and *Cassius C. Hadley*, for State.

ROBINSON, J.—The appellant was convicted for keeping certain devices for the purpose of registering bets and wagers.

The indictment reads as follows:  "The grand jurors for the county of Marion, and State of Indiana, upon their oaths present, that William Tron and Samuel L. Douglass, on the 11th day of May, A. D. 1895, at and in the county of Marion, and State aforesaid, did then and there unlawfully keep a certain room there situate, with apparatus, blackboard, blanks, papers, and other devices for·the purpose of recording and registering bets and wagers upon the results of trials and contests of skill, speed, and power of endurance of man and beasts; and did then and there keep and exhibit apparatus, blackboards, blanks, papers, and

other devices for the purpose of registering bets and wagers upon the results of trials and contests of skill, speed, and power of endurance of man and beasts, contrary to the form of statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Section 2179, Burns' R. S. 1894 (2084, Horner's R. S. 1896), upon which the indictment is based, reads: "Any person who shall keep any room or building or any portion of any room or building, or occupy any place or public or private grounds anywhere within the state with apparatus, books, or other device for the purpose of recording or registering bets or wagers or of selling pools; and any person who shall record or register bets or wagers, or sell pools upon the result of any trial or contest of skill, speed, or power of endurance of man or beast; or, being the owner, lessee, or occupant of any such rooms, building, part or portion thereof, shall knowingly permit the same to be used or occupied for any of the purposes aforesaid; or shall therein keep, exhibit, or employ any device or apparatus for the purpose of registering or recording such bets or wagers or for the selling of such pools; or shall become the custodian or depository, for hire or reward, of any money, property, or other thing of value staked, wagered, or pledged, as aforesaid, upon any such results,—shall be deemed guilty of a misdemeanor, and shall, upon conviction, be fined not more than five hundred dollars nor less than five dollars, or imprisoned in the county jail for not more than six months nor less than ten days."

This section of the statute defines several acts that would constitute a crime, which may be briefly stated: (1) Any person who shall keep a room or building with apparatus or other devices for the purpose of recording or registering bets or wagers; (2) any person

who shall record or register bets or wagers, or sell pools upon the result of any trial or contest of skill, speed or power of endurance of man or beast; (3) any person being the owner of a room or building and shall knowingly permit it to be used or occupied for the purposes aforesaid; (4) any person who shall keep, exhibit, or employ any device or apparatus for the purposes of recording or registering such bets; (5) any person who shall become the custodian or depository for hire or reward, of any money, property, or other things of value staked or wagered upon any such results aforesaid; shall be, etc.

It is argued that it takes both the first and second divisions as above set out to constitute an offense, for the reason that they are joined by the conjunction "and." But we do not believe such to have been the intention of the legislature. To give the section such a construction, the words "any person" must be omitted from the second division, which would be a violation of the well settled rule, that in construing a statute such meaning will be given to the words of the statute construed as will make them all effective, unless by so doing the purpose of the legislature will be defeated. It is made an offense for any person to keep a room with devices for betting, and it is also an offense for any person to record or register bets upon certain things specified. The "any person" in the second division cannot be said to be the "any person" used in the first division, and the word "and" connecting the two, might properly be read "or." It is clear, the legislature intended by the language used to state two distinct offenses. *Streeter* v. *People*, 69 Ill. 595; *State* v. *Myers*, 10 Iowa, 448; *Miller* v. *State*, 3 Ohio St. 475.

It has long been settled by the decisions in this State, that where a statute makes it a crime to do any one of several things, and they are stated disjunc-

tively, the whole may be charged conjunctively in a single count. *Davis* v. *State,* 100 Ind. 154; *State* v. *Stout,* 112 Ind. 245; *Fahnestock* v. *State,* 102 Ind. 156.

It is urged that that part of the statute upon which the second division of the indictment is based simply refers to the recording or registering of bets or wagers generally, and that it does not mention "trials or contests of skill, speed, or power of endurance of man or beast." In that view of it, the added words would be mere surplusage, and would not render the indictment bad. But we think these words are not mere surplusage, but are properly made a part of that division. That part of the section upon which this division of the indictment is based, refers to recording or registering "such bets." The only bets specified in the statute are those named in the indictment, and the word "such" could have reference only to what has been before enumerated in the statute.

Appellant's counsel argue that as the statute does not specifically state what acts constitute the offense, the indictment is not sufficient if it only follows the statute, but that the particular acts must be stated with reasonable certainty.

The gist of the crime charged is keeping certain apparatus for the purpose of registering bets or wagers. The language of the statute itself is sufficiently plain, and defines with sufficient certainty the elements of the crime. The defendant is charged with keeping certain devices for unlawful purposes, and it is not material whether he had a customer or not.

The indictment properly charges two of the offenses named in the statute, and the motion to quash was properly overruled. *Davis* v. *State, supra; State* v. *Stout, supra; Fahnestock* v. *State, supra;* section 1825, Burns' R. S. 1894 (1756, Horner's R. S. 1896).

Appellant's counsel next argue the sixth and

seventh causes for a new trial. These were as follows: "6. The court erred in giving on its own motion instructions numbered one, two, three, four, five, six, seven, eight, nine, and ten, inclusive." "7. The court erred in refusing to give instructions requested in writing by the defendant at the proper time, signed by the defendant's attorneys and numbered one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, and fifteen, inclusive." It is well settled in this State that where a series of instructions are assailed collectively in a motion for a new trial, all the instructions in the group must be bad or the assignment will not prevail. *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Mock* v. *City of Muncie*, 9 Ind. App. 536.

It is not claimed by appellant's counsel that instructions number two, five, six, seven, eight, and ten were erroneous, and we must not only assume that they state the law correctly, as no objections have been pointed out, but it is clear from a reading of some of these instructions that they correctly state the law. Nor is it claimed by counsel that the court erred in refusing to give instructions numbered one, two, three, four, six, eight, and nine.

Appellant presents as error of the trial court the overruling of the challenge of appellant to juror Elliott. It appears that the juror was a member of the regular panel at the term of court at which the cause at bar was tried, and that he had been excused from jury duty to serve on a jury in the federal court. The record does not disclose that he had been discharged from the regular panel, or that any one else had been chosen to take his place on the regular panel, nor does it appear how long he was absent. The court had the right to temporarily excuse him from jury duty, and in the absence of any showing to the contrary, we

must presume that the juror was present as a member of the regular panel. From the record as it comes to us, we must presume that he took his seat as a member of the regular panel, and that he was not called by the bailiff as a talesman. Until some showing is made to the contrary, we must presume that the proceedings of the trial judge were regular. The record does not disclose a sufficient cause for challenge under section 1451, Burns' R. S. 1894.

Witnesses were called by the State and permitted to read and explain certain slips of paper on which were certain words and figures. It appears these slips were a part of the devices for the keeping of which appellant was indicted. They appear in the record as exhibits, and do not appear upon their face to be unlawful. The object of the testimony was to explain their use, and as they were lawful in appearance it was clearly proper to have oral testimony as to their use and meaning. A copy of the blackboard in appellant's room was put in evidence. It was shown to be a correct copy, and was made on the day of the alleged offense. Its purpose was to show the kind of apparatus used in the room, and for what purpose used. There was no error in permitting the witness to testify that the copy of the blackboard was a correct representation of the board as it was used on the day of the alleged offense. *Miller* v. *Louisville, etc., R. W. Co.*, 128 Ind. 97; *Keyes* v. *State*, 122 Ind. 527. An expert witness was called to explain the manner in which the blackboard alleged to have been in appellant's room was used. As this blackboard was one of the devices alleged to have been used by appellant for registering bets and wagers, the jury was entitled to a full explanation of its use. It was admitted that the witness was competent to testify as an expert. When the State had shown that the defendant had knowledge

of what was done in the room, the jury was entitled to have the peculiar workings of the room explained. The facts and figures on the paper were not in themselves evidence of the crime charged, but it was proper to show what was on the board at the time for the purpose of determining whether the use at the time was lawful or unlawful. It was shown that the witness was familiar with the workings of such rooms, and he was asked to give his opinion as to what this particular room and apparatus were used for at the time of the alleged offense, upon the assumption that the paper shown him was a correct copy of the board used by appellant. There was no error in permitting the witness to testify.

Complaint is made of the sustaining of an objection to a question asked a witness on cross-examination as to whether appellant, in a conversation with the witness, had not said that he (appellant) did not have anything to do with the room, nor have any connection with it; that it was run by a corporation, and that he was only the operator there. It appears that the conversation was a few days after the offense is alleged to have been committed. It cannot be said that the statement made by appellant was part of the *res gestae,* but the declaration was in the nature of a self-serving declaration, and was not competent evidence. Wharton Crim. Ev., sections 690, 691; *Spittorff* v. *State,* 108 Ind. 171; *Davidson* v. *State,* 135 Ind. 254. Where a witness has already answered a question, there is no error in sustaining an objection to the same question in substantially the same form. And where the evidence of a witness has been excluded, but the witness afterwards answers the question in response to another question, no error is committed. An objection is properly sustained to a question asking that "when a telegram is sent, what if any reply is received," when

there is no showing why the telegram itself cannot be produced.

A witness was introduced by appellant to show the filing, as required by law, of the certificate of incorporation of the Mercantile Telegraph Company and the authority given by it to appellant as agent. We are not informed how this evidence could affect the appellant. It could only show the position he occupied in connection with the room and apparatus in question. There was evidence to show appellant was the local manager of the company at the time. If he was engaged in an unlawful act, as charged in the indictment, whether he did it as local manager or agent could make no difference. It cannot be said that when one is charged with a crime he can escape the penalty by claiming that all that he did was as agent of some one else.

Other alleged errors are assigned, but as they have not been discussed by appellant's counsel, they are deemed waived.

Judgment affirmed.