City of Bloomington *v.* Moore—183 Ind. 283.

---

# CITY OF BLOOMINGTON *v.* MOORE.

[No. 22,653. Filed June 1, 1915.]

1. TRIAL.—*Evidence.*—*Records.*—*Province of Court and Jury.*— Where a record of proceedings of a city council was introduced in evidence, and was so clear and certain that the trial court could ascertain its meaning from the language used, it was the duty of the court to determine its meaning and legal effect, and, since the meaning and legal effect were not for the jury, extrinsic evidence bearing upon the question was inadmissible. p. 286.

2. APPEAL.—*Review.*—*Record Evidence.*—*Instructions.*—In an action against a city for damages for personal injuries to an onlooker by a skyrocket during a display of fireworks in a public street, where, from a consideration of the record of the proceedings of the city council introduced in evidence, it is apparent that its purpose was to grant to certain labor organizations the free use of the streets for a celebration to be held on the day and night mentioned, and the privilege for a fireworks display, with no limitations therein other than that the streets should not be blockaded and business men should not be asked to pay for running stands, a use of the streets for a fireworks display was clearly authorized; hence the court did not err in refusing instructions to the effect that such record did not of itself prove that the display of fireworks was authorized and that the intent

of the city to authorize such display must be proved by the preponderance of the evidence.   p. 286.

3.  APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—Where there was some evidence to sustain every material allegation in a paragraph of complaint, the evidence is sufficient to sustain a verdict for plaintiff.   p. 287.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Josephine Moore, by her next friend, Joseph C. Moore, against the City of Bloomington. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John P. O'Donnell, Brooks & Brooks* and *J. E. Henley,* for appellant.

*Miers & Corr,* for appellee.

LAIRY, J.—This is an appeal from a judgment in favor of appellee in an action for personal injuries caused by a sky-rocket striking her in the face while a display of fireworks was being conducted in a public street of the city of Bloomington under the direction of a committee of the labor unions. This is the second appeal of this case. All questions as to the sufficiency of the pleadings were settled on the former appeal and it was held that the evidence shown by the record was sufficient to require the submission of the issues of fact to a jury. *Moore* v. *City of Bloomington* (1912), 51 Ind. App. 145, 95 N. E. 374.

On such appeal the first and third paragraphs of complaint were held to be sufficient to show a liability against the city on the ground that the city as shown by the allegations of these paragraphs, had expressly granted a license and authority for the exhibition of fireworks in the streets. To sustain these allegations, appellee, on the second trial, introduced in evidence a record of the proceedings of the city council which is as follows: " * * * Richard Brown, Edward Owen and William Yoder as committee for the labor day celebration, appeared before the council and asked them to grant the free use of the streets of the city of Bloomington to the labor day organization for their cele-

bration to be held in the city Monday, September 3, 1906, and on motion said request was by unanimous vote of the council granted; and on further motion Richard Brown, Edward Owen and William Yoder as committee were granted the privilege for a fireworks display at night of said day, and that no business man be asked to pay for running a stand on said day or night and that the streets must not be blocked day or night." On behalf of appellant it is asserted that this record is not so clear and certain on its face as to enable the court to construe it and state its meaning and effect as a matter of law; but, on the contrary, it is claimed that it is so uncertain and ambiguous as to admit of the introduction of parol evidence as to the relation of the parties and the circumstances and statements attending the action of the common council which resulted in the record as well as the acts done or attempted under the authority so granted for the purpose of throwing light upon it and disclosing the real intent and meaning of the record. It was claimed by appellant that this record did not, on its face, show that the city granted a license to hold the display of fireworks in the public street and that it was proper to show by extrinsic evidence that such was not the meaning of the record or the intention of the common council at the time of granting the permit. Appellant took this position at the trial and offered evidence to prove that the committee representing the labor organizations stated to the common council at the time the permit was granted that it was the purpose of the labor organization to make the display of fireworks in the courthouse square and that the permit was granted with that understanding and that the plans were not changed until the evening of the day on which the display was made when it was decided to hold the display in the street, and that the city had no notice of the change in the place of making the display until after the accident happened. All evidence of this character was excluded by the court.

By instruction No. 21 tendered by appellant, the court was requested to charge that the record of the city council introduced in evidence did not of itself prove that the city licensed the committee of the labor organizations to conduct the fireworks display in the street. This instruction was refused as was also No. 26 tendered by appellant which is as follows: "It is charged in each paragraph of the complaint that it was intended and known by the city that the fireworks display should and would be given on the streets of the city. This is one of the material allegations of the complaint and must be proved by the preponderance of the evidence before you can find for the plaintiff."

The questions presented by the evidence excluded and the instructions refused depend for their decision upon the record of the city council heretofore set out. If this
1. record was so clear and certain that the trial court could ascertain its meaning from the language used, then, it was the duty of such court to so determine its meaning and legal effect. In such case its meaning and legal effect could not be left to the jury, and extrinsic evidence bearing upon such question could not be admitted. From a consideration of the whole record, it is apparent
2. that its purpose was to grant to the labor organizations the free use of the streets of the city for a celebration to be held on the day and night mentioned and the only limitation placed upon the use of the streets was that they should not be blockaded day or night and that no business man be asked to pay for running a stand. The display of fireworks was a part of this celebration, and the court is of the opinion that the record in question clearly authorized the use of the streets for making this display if the committee should see fit to use them. This being true the court properly refused to give instructions Nos. 21 and 26 requested by appellant. An examination of the instructions given discloses no reversible error.

There is some evidence to sustain every material allegation of the first paragraph of complaint and this is sufficient to uphold the verdict. When the nature of the injuries is considered, the damages do not appear to be so excessive as to indicate that the jury was influenced by passion or prejudice. Judgment affirmed.

Note.—Reported in 109 N. E. 42. As to the admissibility of parol evidence to aid, vary, or contradict municipal record, see 7 Ann. Cas. 1045; 50 L. R. A. (N. S.) 99. See, also, under (1) 38 Cyc. 1522; 28 Cyc. 390; (2) 28 Cyc. 1515; (3) 17 Cyc. 818.