## STATE OF INDIANA *v.* SARLIN.

[No. 23,521. Filed June 24, 1919.]

1. INTOXICATING LIQUORS.—*Keeping with Intent to Sell.—Construction of Statute.—Bonded Liquor.*—Section 4 of Acts 1917 p. 15, §8356d Burns' Supp. 1918, prohibiting the keeping of intoxicating liquor with intent to sell, etc., is not intended to apply to only those having bonded liquor, but is general in its application. p. 361.

2. INDICTMENT AND INFORMATION.—*Pleading Provisos and Exceptions.*—Where an exception is in a proviso, or in a subsequent section of the statute, it need not be pleaded; but exceptions which are a part of the definition of the offense must be pleaded. p. 362.

3. CRIMINAL LAW.—*Appeal.—Motion to Quash.—Presumptions.*—The trial court having sustained a motion to quash the affidavit, the Supreme Court must assume, even though no valid reason was presented by the appellee, that the court knew a valid reason, and, if the Supreme Court can discover one, it will sustain the action of the trial court, since it will not be presumed that the trial court did not take notice of more than was presented by the motion sustained. p. 362.

4. INDICTMENT AND INFORMATION. — *Certainty. — Use of Disjunctives.*—The rule that it is sufficient in criminal pleadings to charge the crime in the language of the statute does not mean that, where several acts connected by disjunctives are stated in a statute, the disjunctives may be used in charging the offense, since their use would render the pleading uncer-

tain; hence in charging a violation of that part of §4 of the Prohibition Act, Acts 1917 p. 15, making it unlawful "to keep intoxicating liquor with the intent to sell, * * * furnish *or* otherwise dispose of the same," it is proper to charge conjunctively that one did unlawfully keep with "intent to sell * * * furnish *and* otherwise dispose of the same." p. 362.

5. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.—Affidavit.—Surplusage.*—Where the charge in an affidavit, under §4, Acts 1917 p. 15, for unlawfully keeping intoxicating liquor with intent to sell, etc., ended with the words "or otherwise dispose of or . *use*," the affidavit was properly quashed under §2065, cl. 3, Burns 1914, Acts 1905 p. 584, §194, since the word *use* therein tended to show innocence, was neither in apposition to, nor explanatory of, that which preceded it, and therefore cannot be treated as surplusage. p. 363.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Prosecution by the State of Indiana against Charles Sarlin. From a_judgment for the defendant, the state appeals. *Affirmed.*

*Ele Stansbury,* Attorney-General; and *Dale F. Stansbury,* for the state.

*W. G. Parry,* for appellee.

TOWNSEND, J.—Appellee was charged, under §8356d Burns' Supp. 1918, §4 of chapter 4 of Acts 1917 p. 15, with unlawfully keeping six pints of whisky with the intent to dispose of the same in violation of this section.

The trial court sustained appellee's motion to quash the affidavit, and the state appeals. So much of the affidavit as is necessary is as follows: "Did then and there unlawfully keep and have in his possession intoxicating liquor, to wit: six (6) pints of whiskey, with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same or use within the State of Indiana, etc." The affidavit then says that appellee was not the owner on April 2, 1918, was not a licensed pharmacist, wholesale druggist, manufactur-

ing chemist, or the owner, manager or operator of a public hospital or any person authorized by law to have intoxicating liquor in his possession.

We are not assisted by any brief from the appellee. We gather from the brief of the state and appellee's motion to quash that the only questions presented by appellee to the trial court were: (1) That §4, *supra,* had to do alone with persons having liquor in bond on April 2, 1918; (2) that the affidavit was bad because the exception in the proviso of the act was not pleaded. The section is: "That after the 2nd day of April, 1918, it shall be unlawful for any person, etc., * * * to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided. Provided, however, "it shall be lawful for any person who at the time of the taking effect of this act shall then be the owner of or in possession of spirituous, vinous or malt liquors previously manufactured in this state and which liquors, etc., * * * shall then be under government bond in any bonded warehouse in this state, etc., * * * to have, and keep in possession all such liquors until," etc.

The first part of this section is general in its application and makes it a crime for "any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same," etc.

It will be seen that it was the intention of the pleader to charge appellee with keeping intoxicating liquor with the "intent to sell," etc. This is the second offense

1. declared in the statute. This section of the statute is not intended to apply only to those having

2.    bonded liquor, but is to be general in its appli-
cation.    Therefore appellee's first contention in
his motion to quash is erroneous.    His second
contention that the exception contained in the proviso
should have been pleaded is also erroneous.    Where an
exception is in a proviso, or in a subsequent section of
the statute, it need not be pleaded.    Exceptions which
are a part of the definition of the offense must be
pleaded.    *Yazel* v. *State* (1908), 170 Ind. 535, 84 N.
E. 972; *State* v. *Paris* (1912), 179 Ind. 446, 101 N. E.
497.

If the lower court had overruled this motion to quash
and appellee were here questioning the correctness of
3.    that ruling, it would be proper for this court to
sustain the ruling of the lower court on the
theory that appellee had waived all objections to
the affidavit except those pointed out; but, the court
having sustained the motion to quash, we must assume,
even though no valid reason was presented by appellee,
that the court knew a valid reason, and, if we can dis-
cover one, it will be our duty to sustain the action of
the lower court.    It is not to be presumed that the
trial court did not take notice of more than was pre-
sented by the motion which he sustained.

Appellee is charged with keeping six pints of whisky
"with the intent to sell, barter, exchange, give away,
furnish *or* otherwise dispose of the same *or* use within
4.    the State of Indiana," etc.    It has been decided
many times that it is sufficient to charge a crime
in the language of the statute, but this state-
ment of the law should not be taken literally.    This
does not mean that disjunctives in the statute may be
used.    The meaning of the statute must be gathered
and the substantive words or their equivalents used.
It has been repeatedly held by this court that, where
a statute declares that it shall be unlawful for a per-

son to do this, or that, or that, it is sufficient to charge the several acts conjunctively, but it is not sufficient to charge them disjunctively because this renders the pleading uncertain. The defendant has a right to a direct and positive charge in order that he may plead and defend. Where a statute, as here, declares it unlawful "to keep intoxicating liquor with intent to sell, barter, exchange, give away, furnish *or* otherwise dispose of the same," it is proper to charge that one did unlawfully keep with the intent to sell, barter, exchange, give away, furnish *and* otherwise dispose of the same. That is to say, the state may charge conjunctively all of the acts following the intent. Bishop, New Crim. Proc. (2d ed.) §586; *Davis* v. *State* (1885), 100 Ind. 154; *State* v. *Stout* (1887), 112 Ind. 245, 13 N. E. 715; *Fahnestock* v. *State* (1885), 102 Ind. 156, 1 N. E. 372; *Regadanz* v. *State* (1908), 171 Ind. 387, 391, 86 N. E. 449. It will therefore be seen that the court was correct in sustaining the motion to quash this affidavit because it was bad for uncertainty.

It will also be observed that the affidavit ends the charging part with "or otherwise dispose of or *use.*"

5. If appellee were charged with unlawfully keeping six pints of whisky with the intent to *use* the same, this would not charge a crime, unless perchance he were one who came within the provisos of this section—a question not here and not decided. It certainly is not unlawful for one outside of those having liquor in bond, so far as §4 of this statute is concerned, to *use* the liquor. Use is a broad word. He might drink it; he might serve it to his guests in his home. Now ordinarily, surplus words do not vitiate an affidavit or indictment; but they do vitiate it when they show innocence. One of the grounds for quashing an affidavit or indictment is that it contains that which is a justification or a bar. Subdivision 3, §2065

Burns 1914, Acts 1905 p. 584, §194. Therefore this affidavit pleaded too much and this cannot be treated as surplusage. It is neither in apposition to that which precedes, nor explanatory of it. We assume that the trial court saw these defects in this affidavit, and that its action was because of them.

The trial court was correct in sustaining the motion to quash, and the judgment is affirmed.

NOTE.—Reported in 123 N. E. 800. See under (2) 22 Cyc 344; (4) 22 Cyc 380; (5) 22 Cyc 368.