## SCHULMEYER v. STATE OF INDIANA.

### [No. 23,544.   Filed October 14, 1919.]

1. CRIMINAL LAW.—*Illegal Sale of Intoxicating Liquors.—Affidavit.—Sufficiency.*—An affidavit in a city court, under §8356d Burns' Supp. 1914, Acts 1917 p. 15, charging that the defendant, on a certain date, unlawfully kept intoxicating liquors in the city, county and state with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons unknown within the state, being in the language of the statute, is not objectionable on the ground that it fails to charge that such liquors were kept for sale within the state.  p. 465.

2. INTOXICATING LIQUORS.—*Illegal Sale.—Sufficiency of Evidence.*—In a prosecution for the illegal sale of intoxicating liq-

uors, under §8356d Burns' Supp. 1914, Acts 1917 p. 15, the evidence, though circumstantial, is *held* sufficient to show that the defendant unlawfully kept, and was making unlawful sales of, intoxicating liquors as charged, in view of the rule that a verdict supported by some evidence is supported by sufficient evidence. p. 466.

3. CRIMINAL LAW.—*Appeal.*—*Sufficiency of Evidence.*—In determining the sufficiency of the evidence to support the verdict, or the finding, the court on appeal will consider not only the positive testimony of witnesses but also such inferences as flow naturally from the facts established. p. 466.

From the Marion Criminal Court (49,081) ; *John F. Robbins,* Judge *pro tem.*

Prosecution by the State of Indiana against John Schulmeyer. From a judgment of conviction, the defendant appeals. *Affirmed.*

*R. R. Dalton,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

WILLOUGHBY, J.—This was a prosecution by affidavit commenced in the city court of the city of Indianapolis under §8356d Burns' Supp. 1918, §4, chapter 4, Acts 1917 p. 15, which resulted in a trial and finding in such city court of guilty as charged. The appellant appealed to the criminal court of Marion county, and was there tried by the court without a jury, and found guilty as to count two of said affidavit, and judgment was rendered on such finding that appellant make his fine to the State of Indiana in the sum of $100 and costs, and be imprisoned in the Marion county jail for a term of thirty days, and from such judgment appellant appeals, and assigns as error:   (1) The court erred in overruling appellant's motion to quash the second count of the affidavit.   (2) The court erred in overruling appellant's motion for a new trial.

The affidavit was in five counts and the appellant moved, in the Marion Criminal Court, to quash each

count of said affidavit. The second count, omitting the caption, reads as follows: "And affiant aforesaid upon his oath aforesaid says that John Schulmeyer on October 14, 1918, at and in the city and county aforesaid, did then and there unlawfully keep intoxicating liquor to wit: whisky, gin, wine and beer, with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons, to the affiant unknown, within this state; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana." The motion to quash said count states two reasons: (1) That count two does not state facts sufficient to constitute a public offense. (2) That count two does not state the offense with sufficient certainty.

Appellant contends that the second count of the affidavit fails to allege that the appellant kept intoxicating liquors for the purpose of sale within the state,

1. and that a charge in the second count of the affidavit that the defendant kept intoxicating liquors with intent then and there to sell the same to persons to the affiant unknown within the state cannot be construed as a charge that the defendant kept liquors for the purpose of sale to persons within the state.

The appellant is wrong in his construction of the language used. This count of the affidavit unequivocally states that the defendant, John Schulmeyer, in the city of Indianapolis, in Marion county, in the State of Indiana, did then and there unlawfully keep intoxicating liquor, to wit, whisky, gin, wine and beer, with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same. The material allegations of this count of the affidavit are in the language of the statute and are sufficient. *Davis* v. *State* (1885), 100 Ind. 154; *State* v. *Stout* (1887), 112 Ind.

245, 13 N. E. 715; *Fahnestock* v. *State* (1885), 102 Ind. 156, 1 N. E. 372; *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N. E. 449; *State* v. *Sarlin* (1919), *ante* 359, 123 N. E. 800.

As causes for a new trial appellant's motion alleges: First, the finding of the court is contrary to law; second, the finding of the court is not sustained by sufficient evidence. The appellant contends that the finding of the court is not sustained by sufficient evidence, because he claims that the police, when they arrested the defendant, did not find any whisky or intoxicating liquor in his possession, and that the evidence relating to the possession of such intoxicating liquor is wholly circumstantial and insufficient.

We have carefully examined the evidence with the view of determining its sufficiency to sustain the finding of the lower court, and, while the evidence in regard to the possession of the intoxicating liquors 2. by the appellant is circumstantial, the facts proved lead, without any doubt, to the conclusion that he did have possession of such intoxicating liquor, and that he kept it at the time and place charged in the second count of the affidavit, for the unlawful purposes charged, and that at such time and place he was making sales of such intoxicating liquors. The sufficiency of the evidence to sustain a finding on appeal depends solely upon the presence in the record of some competent evidence which tends to support the finding. *City of Bloomington* v. *Moore* (1915), 183 Ind. 283, 109 N. E. 42.

In the case of *Young* v. *Older* (1915), 183 Ind. 646, 109 N. E. 909, the court holds that a finding supported by some evidence is supported by sufficient evidence. In determining whether the evidence is 3. sufficient to sustain the verdict of the jury, or the finding of the court, this court will consider, not

only the positive testimony of the witnesses, but also such inferences as flow naturally from established facts. *Chicago, etc., R. Co.* v. *Lake Co. Savings, etc., Co.* (1917), 186 Ind. 358, 362, 114 N. E. 454; *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1914), 183 Ind. 123, 124, 106 N. E. 872; *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 475, 103 N. E. 110; *Goodman* v. *State* (1919), *ante* 70, 121 N. E. 826.

The evidence is amply sufficient to sustain the finding of the Marion Criminal Court. No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 124 N. E. 490.