JAMES v. STATE OF INDIANA.
[No. 23,543. Filed November 25, 1919.]

1. INTOXICATING LIQUORS.—*Charging Offense.—Exceptions.*— The charge that the defendant on a certain date, in a named city and county of the state, did then and there unlawfully keep intoxicating liquor, to wit, whisky, gin, wine and beer with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to the affiant unknown sufficiently charged an offense, under the Prohibition Act, Acts 1917 p. 15, §4, though it did not negative the exception in the proviso. p. 581.

2. INTOXICATING LIQUORS.—*Keeping Place.—Nuisance.—Charging Offense.—Excluding Home.*—In charging the illegal sale, barter, etc., of intoxicating liquors under §4, Acts 1917 p. 15, or the maintenance of a place for such illegal purposes, defined as a nuisance by §20 of the act, it was not necessary to exclude the home of the accused, on the theory that he had the right

to keep intoxicating liquor there and to serve it to guests, since the act does not authorize the keeping of the liquor in the home for sale, barter, exchange or to be otherwise disposed of contrary to law.    p. 581.

3.   STATUTES.—*Prohibition Act.—Title and Subject.—Constitutionality.*—The Prohibition Act, Acts 1917 p. 15, is not violative of Art. 4, §19, of the Constitution, which provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. p. 582.

4.   CRIMINAL LAW.—*Affidavit.—Jurat.—Character of Officer.*— An affidavit is not defective for failing to show the official character of the officer who administered the oath.   p. 583.

From Marion Criminal Court; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Louis James. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

WILLOUGHBY, J.—The appellant appeals from a conviction in the criminal court of Marion county. The case was first tried in the city court of the city of Indianapolis, and from a conviction in that court appellant appealed to the Marion Criminal Court, where a jury trial was had, and the defendant found guilty on the second and third counts of the affidavit, and his punishment fixed at imprisonment in the Marion county jail for a period of sixty days and a fine of $200. A separate verdict was returned on each count and the same punishment fixed. Judgment was rendered on both verdicts. No evidence is set out in the record and the appellant, in his brief, says that he raises no question on the instructions or evidence in the case.

The defendant moved to quash each count of the affidavit for the reason that neither of said counts state

facts sufficient to constitute a public offense.    No other reason is assigned.

The second count is based on §4 of chapter 4, Acts 1917 p. 15, which provides that "after the second

1.    day of April, 1918, it shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided."    This second count of the affidavit charges that Louis James, "on the 25th day of November, 1918, at the city of Indianapolis, in Marion county, in the state of Indiana, did then and there unlawfully keep intoxicating liquor, to wit, whiskey, gin, wine and beer with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to the affiant unknown within the state."    This is a sufficient charge.    It was not necessary to state the exception contained in the proviso.    State v. Sarlin (1919), 188 Ind. 359, 123 N. E. 800.

The third count of the affidavit is based on §20 of chapter 4, Acts 1917, which provides that:    "Any room, house, building, boat, structure or place of any

2.    kind where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place, building or club where such liquor is kept to be drunk as a beverage by the members thereof or any other persons, or any place where such liquor is kept for sale, barter, or delivery in violation of the laws of this state, and all intoxicating liquor and all property kept in and used in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuis-

ance, shall be guilty of a misdemeanor," etc.    The third count, after stating the venue, charges that the defendant "did then and there unlawfully maintain and assist in maintaining a common nuisance, to wit, a room and place where intoxicating liquors were then and there kept for sale, barter, and delivery in violation of the laws of this state, and where persons were then and there permitted to resort for the purpose of drinking said intoxicating liquors as a beverage and said intoxicating liquor, to wit: whiskey, gin, wine and beer kept in and used in maintaining said place."

Appellant claims that neither of the counts contain an allegation excluding the home where he had a right to have liquor and had a right to dispense it to his guests.

Appellant seems to overlook the fact that the law does not authorize him to keep liquor in his home for sale, barter, or exchange, or keep it in his home with intent to sell, barter or otherwise dispose of the same contrary to law.

Appellant also claims that chapter 4 of the acts of 1917 is unconstitutional, in that it violates §19, Art. 4, of the Constitution of Indiana, which provides

3. that: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.    But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." This court has decided that question adversely to appellant's contention.    Schmitt, Supt., v. F. W. Cook Brewing Co. (1918), 187 Ind. 623, 120 N. E. 19, 23.

The affidavit is not defective on account of its

4. failure to show the official character of the officer who administered the oath.    State v. Osborn

(1900), 155 Ind. 385, 391, 58 N. E. 491; *Brooster* v. *State* (1860), 15 Ind. 190.

The court did not err in overruling appellant's motion to quash each count of the affidavit.

Appellant asserts that the court erred in overruling his objection to the rendition of judgment against him. The appellant's brief discloses that the objections of appellant to the rendition of the judgments were set forth in two motions filed in the trial court, in which the reason is stated that the jury signed two separate verdicts finding the defendant guilty of two separate and distinct charges in the affidavit, and that one of said verdicts was not properly returned into court, and that the verdict on the second count of the affidavit was not returned and read in open court, and that the verdict on the second count of the affidavit was discovered after the jury had been discharged.

The record shows this statement to be incorrect, and affirmatively shows that each of said verdicts was duly returned in open court. The statement on that subject in the record is as follows: "The jury retire to deliberate on their verdict, being in charge of Clarence W. Clegg, a duly sworn bailiff of this court, and after a time passed in deliberation, the jury, accompanied by the bailiff, returned into open court the following verdicts," and then, following this, each verdict is set out in full in the record.

No other question is presented in this appeal. No error being shown, the judgment is affirmed.

NOTE.—Reported in 125 N. E. 211.