## DAISY BLAIR v. STATE.

No. A-8550.   Nov. 24, 1933.
Rehearing Denied Feb. 16, 1934.
(29 Pac. [2d] 998.)

Karl D. Cunningham, for plaintiff in error.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having in her possession intoxicating liquor, with intent to barter, sell, give away, and otherwise furnish to others, and was sentenced to pay a fine of $50 and be confined in the county jail for 41 days, and appeals.

The testimony shows that the sheriff of Kingfisher county, together with other officers, went to the home of the defendant with a search warrant; when they got to the home of defendant and made their presence known, the defendant went into a room where there was a closet, and, when the officers got in the house, they found a keg turned over and the contents pouring through a hole in the floor to the ground. The testimony shows that the officers got a sponge and sponged up about a half pint of whisky. The defendant admitted it was whisky, and said it was for the purpose of using and not for the purpose of sale. There was no evidence offered by the state of the sale of any intoxicating liquor by the defendant. The above is in substance the testimony on behalf of the state and defendant.

Several errors have been assigned by the defendant as grounds for reversal. It is urged by the defendant that the justice of the peace was without jurisdiction to issue the search warrant, for the reason that the title of the officer before whom the state claims the affidavit for the search warrant was made was not attached to the complaint. As examination of the record clearly shows that the complaint upon which the justice of the peace based the search warrant did not have the title of the justice following his name, but, upon a hearing on the motion to quash the search warrant, the defendant called as a witness in support of her motion to quash the search war-

rant V. D. Firestone, and among other questions propounded to him were the following, to which he gave the following answers:

"Q. Is that the original criminal complaint filed in this matter? A. I think so. Q. Is the signature your original signature? A. Yes, sir. Q. This complaint was sworn to by you before Clay O. Oaks, justice of the peace of Kingfisher county, Oklahoma? A. Yes."

Section 3223, Oklahoma Statutes 1931, is as follows:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

Section 3224, Oklahoma Statutes 1931, states:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

The justice of the peace failed to attach his title to the jurat attached to the affidavit made by the witness V. D. Firestone for the search warrant. His failure to do so did not make the statement in the complaint void, and the defect could have been cured by the court at any time its attention was directed to it by having the justice come into court and attach his title to the complaint. The defendant saved the state the trouble of calling the justice of the peace by placing the witness who had sworn to the complaint on the stand, and asking him the direct question, if he had sworn to the complaint, and he answered he did.

The defendant cured the defect in the complaint, and cannot be heard to complain. Blackburn v. Commonwealth, 202 Ky. 751, 261 S. W. 277; James v. State, 188

Ind. 579, 125 N. E. 211; Warren et al. v. State, 35 Okla. Cr. 430, 251 Pac. 101.

It is further urged by the defendant that the complaint upon which the search warrant was based was insufficient, and was based upon hearsay evidence, and not upon facts within the knowledge of the party making the affidavit for the search warrant. The truth of an affidavit to procure the search warrant positively sworn to is not an issue in the trial of a case in which evidence procured by such search warrant is offered. Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451.

The motion of the defendant to quash the warrant of arrest and information was properly overruled.

It is further urged by the defendant that the evidence in this case is insufficient to sustain the judgment. With this contention we cannot agree, yet it is true the amount of whisky recovered was small, and there is a total failure of any evidence to show that the defendant was selling, giving away, or furnishing whisky to others.

Considering the circumstances in this case, and the action of the defendant when the officers went to search her home, and the fact that she was pouring something out of a keg, we hold the evidence sufficient to sustain the judgment.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.