## MAE PICKLESIMER v. STATE.

No. A-8894. Nov. 8, 1935.
Dissenting Opinion Nov. 21, 1935.
(51 Pac. [2d] 824.)

E. G. McComas and R. N. Linville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was tried on an information charging her with possession of intoxicating liquor,

and the jury returned the following verdict, omitting the caption and signature of the foreman: "We the jury empaneled and sworn to try the issues in the above entitled case do upon our oath find the defendant, Mae Picklesimer, guilty, and fix her punishment at $50 fine, 30 days in jail."

From the verdict returned, you cannot tell whether the jury intended to convict her on a charge of possession alleged in the information, or what they found the defendant guilty of. The court must presume the jury's verdict related to the charge of possession upon which she was tried.

Before the trial began a motion was filed to suppress the evidence the state had against the defendant, on the ground that it was obtained by an illegal search and seizure. The motion was overruled, and defendant excepted. The record discloses the affidavit for the search warrant was made by W. T. Velvin, sheriff of Beckham county. The testimony on behalf of the state showed that two officers went to the house in which the defendant was living, on the 13th or 14th of November, 1934, and searched the same and found about a gallon of whisky. When the officers went to the house, two women and two men were in the house. The proof discloses that the defendant had rented the house on the 9th day of November, 1934, just preceding the search that was made on or about the 13th of the month.

The defendant denies she had anything to do with the whisky or that she had possession or control of the same. W. T. Velvin, the party who made the affidavit for the search warrant, was called by the state to show that the whisky found in the search was turned over to him as sheriff of the county. In the affidavit made by Mr. Velvin

for the search warrant, the sheriff states that he had observed this place for the past week and saw cars coming in and going out at all hours of the day and night; some of the occupants were intoxicated and some had what appeared to be bottles in their pockets. When the sheriff who made the affidavit was called by the state, and the defendant had an opportunity to cross-examine him, he was asked the following questions:

"Q. Bill, you wasn't there when the search was made? A. No. I wasn't. Q. You signed the complaint? (Objection was made by the state and sustained by the court, and exceptions saved by the defendant.)"

The defendant then offered to show that the witness on the stand was the party who signed the affidavit or complaint upon which the search warrant was based; that the name of John Doe or party unknown is the statement in the search warrant, and in the affidavit he says he has observed this place for the past week, and saw cars coming in and going out at all hours of the day and night, some of the occupants appeared to be intoxicated, and some had bottles in their pockets; that the witness W. T. Velvin lives at Sayre, and was not in the vicinity of said house, and that the defendant was not an occupant of said house for a week prior to the date of the making of the affidavit, having just rented it, and that she wished to show by the witness he did not know who occupied the house, and could not learn who occupied the house the week prior to the date of the affidavit, and did not know who was coming and going to the house for the reason that she had not yet moved into the premises occupied by the other parties. This offer was rejected, and the defendant saved an exception.

The defendant has assigned several errors alleged to have been committed in the trial of her case. The first

assignment is that the court erred in overruling the motion of plaintiff in error for a new trial. This assignment covers all the errors relied upon by the defendant for a reversal.

The defendant in her argument insists that the court committed reversible error in refusing to permit the witness W. T. Velvin to answer the question as to whether or not he had made the affidavit to the complaint upon which the search warrant was issued to search the house in which the defendant was living at the time the search was made.

The testimony shows that the home of the witness W. T. Velvin was at Sayre and not in Elk City; that the home of the defendant that was searched was in Elk City. The record further shows that the defendant had been occupying the house searched for only four days, and had not been occupying it a week, notwithstanding the witness W. T. Velvin, who made the affidavit for the search warrant, states in the affidavit he had been watching the premises of the defendant for a week and had seen parties going and coming at all times of the day and night, some appearing to be intoxicated, and others leaving with what appeared to be bottles.

The defendant was entitled to have the question answered for the purpose of showing the interest of the witness in the case, and the court, in refusing to permit the question to be answered, committed reversible error. Courts of this country are established for the purpose of dealing out justice and guaranteeing to all of its citizens a fair and impartial trial. The defendant may be guilty. It matters not how guilty she may be, she is entitled to a fair and impartial trial, and when it is shown that officers of the law have made statements for the purpose of securing a search warrant that are not borne out by the rec-

ord, and under the facts shown by the record are not true, it is the duty of the court to permit the jury to pass on the facts.

For the reason stated, the case is reversed, with directions to grant a new trial.

DOYLE, J., concurs.

EDWARDS, J. (dissenting). I am not able to agree with the majority opinion. The defendant was convicted of having unlawful possession of intoxicating liquor. The case is reversed for the sole reason that the sheriff on cross-examination was not permitted to answer the question if he had signed the complaint for search warrant. How this question was material before the jury is more than I can see. If it be said that it would show the interest of the witness, surely it may be assumed that the sheriff has an interest in the enforcement of the liquor law, and if the exclusion of his answer was error, it would be harmless under section 3206, Okla. Stat. 1931, which reads:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

There are more than one hundred opinions of this court in which this statute has been upheld and approved.

The majority opinion discusses the truth of the affidavit for search warrant; in many cases this court has said that the truth of an affidavit for a search warrant

is not an issue in the trial of the case in which evidence obtained by it is offered. Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451, 452; Blair v. State, 55 Okla. Cr. 280, 29 Pac. (2d) 998. In the Phillips Case we said:

"The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a question for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

The defendant was the only witness in her behalf. Her testimony is evasive and shows her to be guilty; she admitted she had pleaded guilty to three charges in the county court.

For these reasons, I dissent.