## H. D. LITTLE v. STATE.

No. A-10082. Nov. 12, 1942.

(130 P. 2d 1011.)

Robert R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, H. D. Little, was charged by information filed in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

The only assignment of error presented by defendant is that the court erred in overruling the motion to suppress the evidence.

At the hearing on the motion to suppress, L. A. Kolb, a policeman of Oklahoma City, who swore to the

affidavit for the search warrant, and the defendant were the only witnesses. The affidavit and the search warrant were introduced in evidence. The affidavit is positive in its terms and the search warrant is regular on its face and sufficient authority for conducting the search.

There is no contention made by defendant that the affidavit and search warrant, or either of them, is insufficient on its face, but it is urged that the search was illegal for the reason that the affiant Kolb testified he swore to the affidavit after being called by another policeman and given the information concerning the whisky which was stored at defendant's premises, and that therefore the affidavit was based solely on information and belief and hearsay; and even though it is positive in its terms, the court should have excluded the evidence obtained thereby.

The proof showed that two officers were driving up a street in Oklahoma City and passed an open garage at defendant's premises. Inside the open garage they saw a person who was known to them as a bootlegger placing packages in an automobile which resembled packages of whisky. They drove to the corner and called Officer Kolb, transmitted the information to him concerning what they had seen, and Kolb in turn executed the affidavit and procured the search warrant, came to defendant's premises, searched the garage and found 1,086 pints of whisky. The defendant was present when the search was made and stated the whisky was his.

It is the rule in this state that if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information, or

the means by which it was obtained. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Blair v. State, 55 Okla. Cr. 280, 29 P. 2d 998. Since the affidavit and search warrant are sufficient on their face in this case, the trial court properly ruled that the evidence obtained by reason of said search was admissible.

The defendant should be pleased that the trial court who heard the evidence without the intervention of a jury only assessed the minimum punishment. There appears no justification in the record for meting out so light a penalty in view of the fact that the defendant had been formerly convicted of a similar offense and of the further fact that he was in possessioin of an enormous amount of intoxicating liquor for an illegal purpose.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.