Story v. The State.

Filed Jan. 9, 1885.

---

No. 11,491.

## STORY v. THE STATE.

| | |
|---|---|
| 99 | 413 |
| 134 | 56 |
| 135 | 259 |
| 99 | 413 |
| 140 | 302 |
| 140 | 362 |
| 141 | 26 |
| 141 | 238 |
| 99 | 413 |
| 149 | 406 |
| 149 | 407 |
| 151 | 495 |
| 99 | 413 |
| 165 | 116 |
| 99 | 413 |
| 171 | 439 |

CRIMINAL LAW.—*Homicide.—Exhibiting Clothing Worn by Deceased to Jury. Evidence.*—Upon the trial of a person accused of homicide, the clothing worn by the deceased at the time he was killed may be exhibited to the jury as evidence. MITCHELL, J., dissents.

SAME.—*Province of Jury.—Inferences.*—In such case it is the province of the jury to determine what inferences are to be drawn from the condition and appearance of the clothing, in connection with the other evidence, and it is not error to refuse to give an instruction which denies this right.

SAME.—*Instructions.—Supreme Court.*—The rule that the instructions in a case are all to be taken together, and that if they thus present the law correctly and without material contradiction, they will be sustained by the Supreme Court, applies as well to criminal prosecutions as to civil actions.

SAME.—*Self-Defence.*—One who takes another's life must be " himself without fault," to justify his acquittal on the ground of self-defence, and it is proper for the trial court to so instruct the jury.

SAME.—*Retreating.*—Where both parties are in the wrong, neither can justify the taking of life without retreating.

SAME.—*Instruction.*—It is not error in such case to instruct the jury that if a person voluntarily and unlawfully enters into a mutual combat, or pro-

vokes a conflict by his own wrongful act, he has no right to take his adversary's life; yet, if he withdraws from it in good faith, and is then pursued, he may then exercise his right of self-defence, but that in such case it must appear, in order to establish excusable homicide in self-defence, that the party had retreated as far as the fierceness of the assault would permit.

From the Henry Circuit Court.

*C. G. Offutt, G. H. Puntenney, A. B. Irvin, J. Brown* and *W. A. Brown,* for appellant.

*F. T. Hord,* Attorney General, *G. W. Duncan,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ELLIOTT, J.—The appellant has been twice found guilty of manslaughter, the first verdict was rendered in the Rush Circuit Court, the second in the Henry Circuit Court, where the case had been sent upon the application of the appellant for a change of venue.

The court permitted the clothing worn by the deceased at the time of the rencounter, which resulted in his death, to be exhibited to the jury. There was no error in this ruling. Marks upon clothing may afford evidence of the character of the wounds and the manner in which they were inflicted, and, in some cases, as where the pockets are cut or turned out, may supply evidence of the motive which prompted the homicide. Best Prin. Ev. (Am. ed.) 198, auth. n.; Burrill Cir. Ev. 261, 686; Wharton Crim. Ev. (9th ed.), sections 312, 767; *McDonel* v. *State,* 90 Ind. 320, see p. 328; *Short* v. *State,* 63 Ind. 376; *Beavers* v. *State,* 58 Ind. 530.

It is settled by our decisions that instructions are not to be disposed of by dissecting them and assailing them in detail, but that all are to be taken together, and if, when thus taken, they present the law correctly, and without material contradiction, they will be sustained by this court. *Goodwin* v. *State,* 96 Ind. 550; *McDermott* v. *State,* 89 Ind. 187; *Achey* v. *State,* 64 Ind. 56; *Binns* v. *State,* 66 Ind. 428. This rule applies as well to criminal prosecutions as to civil actions.

It is established law that the man who takes another's life

must be himself without fault, or he can not go acquit upon the ground of self-defence. The authorities qualify the statement of the right of defence with the phrase "one who is himself without fault," and it is proper for the trial court to put into its instructions that phrase, or one of equivalent meaning. *McDermott* v. *State, supra; Presser* v. *State,* 77 Ind. 274; *Runyan* v. *State,* 57 Ind. 80 (26 Am. R. 52); *Wall* v. *State,* 51 Ind. 453; *Kingen* v. *State,* 45 Ind. 518; *State* v. *Hays,* 23 Mo. 287; Horrigan & Thompson Cases Self-Defence, 492; 1 Bishop Cr. L., sec. 865.

Where both parties are in the wrong, neither can justify the taking of life without retreating. Mr. Bishop thus states the law: "The cases in which this doctrine of retreating to the wall is commonly invoked, are those of mutual combat. Both parties being in the wrong, neither can right himself except by 'retreating to the wall.' When one, contrary to his original expectation, finds himself so hotly pressed as to render the killing of the other necessary to save his own life, he is guilty of a felonious homicide if he kills him, unless he first actually puts into exercise this duty of withdrawing from the place." 1 Bishop Crim. L., section 870. The instructions, taken as a whole, are quite as favorable to the appellant as he had a right to ask, for they state the law stronger in his favor than the author we have quoted, and many authorities support Mr. Bishop's statement.

If we should single out and consider apart from the other instructions the one objected to we could not reverse. That instruction, after stating in general and accurate terms the rule in cases of self-defence, proceeds thus: "If a person voluntarily and unlawfully enters into a mutual combat, or brings on and provokes a conflict by his own wrongful act, he has no right to take his adversary's life; but though he may have thus provoked the conflict, or voluntarily entered into it, yet, if he withdraws from it in good faith, and is then pursued, he may then exercise his right of self-defence; but in such a case it must appear, in order to establish excusable

homicide in self-defence, that the party had retreated as far as the fierceness of the assault would permit him." We think this was not an incorrect statement of the general rule, at least not one of which the appellant can complain, and under the evidence was as favorable to him as he had any right to expect. The authorities go very far toward holding that there must always be a withdrawal from the conflict, or an attempt at least to withdraw, before the right to take life can arise. *Com.* v. *Riley,* Horr. & Th. 155; *State* v. *Hill, Ib.* 199; *Stoffer* v. *State, Ib.* 213; *Hittner* v. *State, Ib.* 236.

The fifth instruction asked by the defendant reads thus : " The jury can not draw any conclusion from their inspection of the pantaloon pockets of the deceased, that the defendant committed any robbery on the deceased, or that he took any money therefrom, or that he at any time placed his hand or fingers in said pockets, notwithstanding such pockets, when exhibited to the jury, may have been turned wrong-side out and blood stains may have existed thereon in the shape of finger marks." There was no error in refusing to give this instruction. The jury, as we have seen, had a right to inspect the clothing worn by the deceased at the time he was killed, and it was their province to determine what inferences were to be drawn from its condition and appearance. There was evidence showing that the appellant was shot in the right hand, and a legitimate inference from this might well have been that his were the fingers that made the bloody marks upon the pockets of the deceased. It would have been an unjustifiable usurpation for the court to deny the triors of the facts the right to make legitimate inferences from the clothing placed before them for inspection.

There is evidence fully sustaining the verdict, and we will not disturb it. Judgment affirmed.

MITCHELL, J., dissents from so much of the foregoing opinion as holds that it was proper to exhibit in evidence the clothing of the deceased.

Filed Jan. 10, 1885.