Quinn v. The State.

Filed March 22, 1890.

---

No. 15,475.

## QUINN v. THE STATE.

INTOXICATING LIQUOR.—*Indictment.*—*Sale of Less than a Quart.*—Where the indictment for selling without a license charges the sale by the defendant at a given price of "one-half pint of intoxicating liquor, the same being a less quantity than a quart; the said M. Q. (defendant) not being then and there licensed according to law to sell intoxicating liquor in less quantity than a quart at a time," the objection that the sale of a less quantity than a quart is not shown, is not maintainable.

VERDICT.—*Amendment.*—It was not error to permit the jury while in the

Quinn v. The State.

box, and before their discharge, to amend their verdict by inserting the word "days" after the word "thirty."

CHANGE OF VENUE.—*Criminal Cases.—Discretion of Trial Court.—Supreme Court.—Interference by.*—Whether a change of venue in criminal cases shall be granted or refused is, by the statute, within the discretion of the trial court. If the Supreme Court can interfere at all in such cases it is only where there is a clear and manifest abuse of discretion.

NEW TRIAL.—*Newly-Discovered Evidence.—Affidavit.—Failure to Produce.*—Where the affidavit of the witness, alleged to have been newly discovered, is not produced, the defendant is not entitled to a new trial on the ground of newly-discovered evidence.

SAME.—*Motion for.— Prior Rendition of Judgment.*—Since the statute provides that a motion for a new trial may be filed after judgment, the rendition of judgment by the court before the filing of the motion for a new trial does not prejudice the rights of a defendant.

From the Hendricks Circuit Court.

*M. W. Hopkins* and *N. R. Jones,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The indictment charges that " The defendant unlawfully sold to one William M. Hankins, at and for the price of twenty-five cents, one-half pint of intoxicating liquor, the same being a less quantity than a quart ; the said Malachy Quinn not being then and there licensed according to law to sell intoxicating liquor in less quantity than a quart at a time."

The argument that the indictment is bad because, as counsel say, it does not show that the appellant sold a less quantity of intoxicating liquor than a quart, is entirely destitute of strength. *Mullen* v. *State,* 96 Ind. 304; *Walter* v. *State,* 105 Ind. 589.

The refusal of the court to grant a change of venue can not avail the appellant, for the statute commits the question of whether a change shall be granted or refused, in criminal cases, to the discretion of the trial court. If this Court can interfere at all in such cases it is only where there is a clear and manifest abuse of discretion, and there was certainly no abuse of discretion in this instance.

While the jury were in the box, and before their discharge, they were permitted to insert in their verdict the word "days" after the word "thirty." In this there was no error. The defect was apparent on the face of the verdict, and was of a character which may be amended before the discharge of the jury. The body of the verdict expressed the intention of the jury to punish the defendant by imprisonment, and by inserting the word "days" an apparent omission was supplied, and the minimum punishment inflicted. The appellant was not prejudiced, for the verdict, as amended, inflicted the shortest period of imprisonment for which the law provides.

The showing in support of the motion for a new trial, upon the ground of newly-discovered evidence, did not entitle the appellant to a new trial. This we say, because the affidavit of the witness, alleged to have been newly discovered, was not produced. It is well settled that the affidavit of the witness, which the party alleges he has discovered, must be filed. This question was expressly decided in the case of *Shipman* v. *State,* 38 Ind. 549, and there are many other decisions to the same effect. The case referred to also decides that the fact that the accused is in custody does not change the rule.

The statute provides that a motion for a new trial may be filed after judgment, and the fact that the court rendered judgment before the filing of the motion for a new trial, did not prejudice the right of the appellant. *Calvert* v. *State,* 91 Ind. 473. He was allowed an opportunity to file the motion, and he did file it.

There is no constitutional provision requiring that a person against whom a verdict of guilty is returned shall have a right to interpose a motion for a new trial, and at common law the defendant had no right to file such a motion. The right is given by statute, and, under our present statute, the defendant may file his motion at any time during the term, and, certainly, the court is not bound to delay the judgment

until the last day of the term.   As the statute regulates the procedure, and as it does not provide that the defendant shall have a right to interpose a motion for a new trial before judgment, it is quite clear that the court may, if it deems proper, at once pronounce judgment upon the verdict. It is within the discretion of the trial court to delay the final judgment until after the filing of the motion for the new trial, but there is no rule of law requiring it to do so.

