## CHANEY v. STATE OF INDIANA.

[No. 24,297. Filed October 25, 1923.]

1. INTOXICATING LIQUORS.—*Unlawful Disposition.*—*Evidence.*— *Weight and Sufficiency.*—In a prosecution for violation of the prohibition law, evidence that the accused purchased nine bottles of intoxicating liquors, and with this in his possession visited several acquaintances, and when arrested several hours later he had only seven bottles and two or three empty cartons in his possession, *held* sufficient to sustain a conviction for keeping liquors with "intent to sell * * * give away, furnish or otherwise dispose of" it. pp. 534, 536.

2. CRIMINAL LAW.—*Appeal.*—*Review.*—*Circumstantial Evidence.* —*Inferences.*—*Questions for Trial Court.*—Where the evidence in support of a verdict of guilt is circumstantial and of such character that the jury might reasonably have drawn an inference of guilt, *held* a question of fact, and if decided erroneously in the verdict, was for the trial court to correct, and not open to review on appeal. p. 536.

From Marshall Circuit Court; *Harry L. Unger,* Special Judge.

Prosecution by the State of Indiana against Elmer Chaney. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Martindale & Martindale,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged with having unlawfully kept certain intoxicating liquor, to wit: whisky, with intent then and there to sell, barter, exchange, give away, furnish, and otherwise dispose of the same to persons within this state whose names were unknown. The jury trying the cause upon his plea of not guilty returned a general verdict of guilty, which was followed by judgment. Error is assigned in the overruling of appellant's motion for a new trial, based upon insufficient evidence to sustain the verdict, and that it is contrary to law.

On the day of the commission of the offense appellant left his home in Plymouth about four o'clock in the afternoon and went to Culver where he met at the railroad depot the person who had with him the whisky involved. The appointment had been arranged by letter. The two then drove into the country about a mile in appellant's automobile where appellant examined and sampled the whisky which had been brought by his friend, whereupon the purchase of the whisky was concluded, and the whisky replaced in the suit case from which it had been taken, and the suit case placed in the back part of the automobile. The two men then returned to the railroad station in Culver where appellant had met the whisky salesman, and there left him. Appellant then went to call upon a

friend in Culver whose business had been a vaudeville performer and who then was operating a moving picture theatre which was across the street from his home. He arrived at his friend's home about six o'clock in the evening. After having had supper there, he visited a small restaurant down town which was operated by a colored woman. About nine o'clock in the evening, and while in the act of trying to start his automobile, the town marshal came up to him and accused him of being intoxicated. The marshal testified that he then told him he was under arrest, and leading appellant around to the side of appellant's automobile, asked him if he could get in, to which appellant replied that he could. Then it was that the marshal discovered the suit case in the back part of the automobile, and that it had bottles of liquor in it. The marshal then took appellant and the suit case to the station. Upon examination of the suit case and its contents by the marshal and the former president of the town board of Culver, who also testified, they found seven bottles of whisky, each of which was contained in a pasteboard carton, and two or three empty cartons. Each bottle was examined and marked for identification and was later identified and introduced in evidence upon the trial. Appellant, who testified in his own behalf, disputed the officer and the former president of the town board as to the number of bottles which the grip contained, maintaining that there were eight full bottles and one bottle which had been opened and from which but three drinks of liquor had been taken; and also that he did not remember distinctly what was said or what happened at the time of his arrest and about the things that happened at the station immediately thereafter. Appellant first maintained that upon being arrested and upon being asked where he had the liquor, he told the officer that it was in the suit case, and upon further ques-

tioning that the suit case was in the automobile, but later admitted that upon being asked about any liquor said that he had none.

Appellant maintains that there is no evidence to sustain the charge that appellant unlawfully kept the liquor with the intent to sell, barter, exchange, give away, furnish, or otherwise dispose of the same in violation of law. Appellant took the witness stand in his own behalf and it is noted that he testified that he did purchase nine quart bottles of whisky, one of which only had been opened, and from which one only three small drinks had been taken by himself; and that after he had purchased the same he had remained three hours during the evening with an acquaintance and had supper with him, and that within the time of this visit he had visited a restaurant down town; and upon being arrested at first denied to the marshal that he had anything in the back seat of his automobile, in contradiction of which the town marshal testified that at the time of making the arrest he found the suit case in appellant's car and that he took it with him along with appellant to the station, and there opened the suit case and found seven full bottles of whisky, all of which were in pasteboard carton containers and that there were two or three empty cartons in the suit case.

The possession, custody, and control of the bottles of whisky and cartons had been from the time of the purchase up to the time of the arrest solely with 1, 2. appellant, during which time two of the bottles disappeared and are unaccounted for, except as explained by the contradicted evidence by the appellant; that there were eight full bottles and one nearly full at the time of the arrest, and by the marshal that there were but seven bottles in the suit case which were contained in cartons, and that there were two or three empty cartons in the suit case. Even though it may be

maintained that the evidence of the marshal, considered with the evidence of appellant, in support of the verdict of guilty is circumstantial, and that it may be weak and possess but little weight, as maintained by appellant, still if the evidence in the case is of such a character that the jury might have reasonably drawn therefrom the inference of guilt, the question in respect thereto is one of fact, and if decided erroneously in the verdict, was for the trial court to correct and is not open to review or correction on appeal by this court. Where two conflicting inferences may reasonably be drawn from the circumstantial evidence in a case, if the jury which tried the case draws the inference of guilt of the defendant therefrom, it is not within the province of this court to say that such inference was wrong and that the jury should have been controlled by an inference of innocence instead of guilt. *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299.

In as much as the inferences to be drawn from the evidence were solely for the consideration of the trial court, this court cannot say that there is no evidence of intent of the appellant in this case to violate the statute as charged, and that the verdict is not sustained by sufficient evidence.

Judgment affirmed.