## FAULKENBERG *v.* STATE OF INDIANA.

[No. 24,937.  Filed April 7, 1926.]

1. CRIMINAL LAW.—*Appellate tribunal has no right to determine which of two conflicting inferences should have been drawn from circumstantial evidence in a criminal prosecution.*—When circumstantial evidence is such that either of two conflicting inferences may be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of an appellate court to determine which inference should have been drawn.  p. 494.

2. CRIMINAL LAW.—*Supreme Court, in determining, sufficiency of the evidence to sustain verdict of guilty, will consider only evidence which tends to support the verdict.*—The Supreme Court, in determining the sufficiency of the evidence to sustain a verdict of guilty, will consider only the evidence which tends to support the verdict.  p. 494.

3. HOMICIDE.—*Evidence held sufficient to sustain conviction for assault and battery with intent to commit manslaughter.*—Evidence *held* sufficient to sustain conviction for assault and battery with intent to commit manslaughter.  p. 494.

4. CRIMINAL LAW.—*Mistake in use of a word in an instruction will be deemed immaterial when it is so obvious jury could not have been misled.*—If a mistake in the use of a word in an instruction is so obvious that the jury could not have been misled thereby, the error will be deemed immaterial.  p. 495.

5. HOMICIDE.—*Instruction in prosecution for assault and battery with intent to commit murder, that jury could convict of assault and battery with intent to "convict" manslaughter was harmless error.*—In a prosecution for assault and battery with intent to commit murder, an instruction that the jury

might convict of assault and battery with intent to commit murder or assault and battery with intent to "convict" manslaughter was so obviously a mistake in the use of the word "convict" for "commit" that it would be deemed harmless. p. 495.

6. HOMICIDE.—*Instruction as to the elements of murder, including malice, was harmless where accused was convicted of lesser offense.*—An instruction given in a prosecution for assault and battery with intent to commit murder which, after enumerating the elements of murder, including malice, directed the jury to find the defendant guilty if the state had established these elements beyond a reasonable doubt, was harmless where accused was convicted of assault and battery with intent to commit manslaughter, a lesser offense of which malice is not an element. p. 495.

7. CRIMINAL LAW.—*Instruction that the charge was assault and battery with intent to commit murder or manslaughter, which included assault and battery, held not erroneous in not having stated charge was assault and battery with intent to commit a felony, in view of other instructions given.*—In a prosecution for assault and battery with intent to commit a felony under §2417 Burns 1926, §2240 Burns 1914, an instruction that the charge was assault and battery with intent to commit murder or manslaughter, which included the charge of assault and battery, *held* not erroneous in not having stated that the charge was assault and battery with intent to commit a felony, in view of other instructions given. p. 496.

8. CRIMINAL LAW.—*Error in instruction is not ground for reversal unless it is of such nature that whole charge to jury is thereby vitiated so as to mislead jury as to the law of the case.*—Error in an instruction is not ground for reversal unless it is of such a nature that the whole charge to the jury of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case. p. 496.

9. HOMICIDE.—*Instruction that jury had no right to acquit if accused had been proved guilty beyond a reasonable doubt of any one of the "crimes" charged, held not ground for reversal where jury had been instructed concerning the offenses embraced in the principal offense, assault and battery with intent to commit murder.*—In a prosecution for assault and battery with intent to commit a felony under §2417 Burns 1926, §2240 Burns 1914, an instruction that the jury had no right to acquit the defendant if he had been proven guilty beyond a reasonable doubt of any one of the "crimes" charged, *held* not ground for reversal where the jury had been instructed concerning the offenses embraced in the principal of-

fense charged, that being assault and battery with intent to commit murder. p. 497.

10. CRIMINAL LAW.—*Direction to jury as to forms of verdict is not instruction that court may be required to reduce to writing.*—A direction to the jury as to the forms of verdict is not such instruction as the court may be required to reduce to writing as provided by clause 5, §2301 Burns 1926, §2136 Burns 1914. p. 497.

11. CRIMINAL LAW.—*Not error to refuse to give requested instructions which were covered by instructions given.*—There is no error in refusing to give requested instructions which were covered by instructions given. p. 497.

From Perry Circuit Court; *Ralph E. Roberts,* Special Judge.

Otto Faulkenberg was convicted of assault and battery with intent to commit manslaughter, and he appeals. *Affirmed.*

*William Waldschmidt* and *R. W. Armstrong,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Fred C. Gause,* for the State.

GEMMILL, J.—In the trial court, the appellant was charged by affidavit with assault and battery with intent to kill and murder one Emory Rickenbaugh. The crime of assault and battery with intent to commit a felony is defined in §2240 Burns 1914, §2417 Burns 1926. The jury found him guilty of assault and battery with intent to commit manslaughter. He assigns as error, on appeal, the overruling of his motion for a new trial. By this motion, two classes of objections are raised: (1) That the evidence is not sufficient to sustain the verdict; (2) errors in the giving and in the refusal to give certain instructions.

Asserting that the evidence was insufficient to sustain the verdict, appellant says: "A set of circumstances which are sufficient to justify an inference of guilt against the defendant are not sufficient to justify a conviction unless such circumstances are sufficient to

exclude every inference consistent with innocence." And, in support thereof, he cites *Cavender* v. *State* (1890), 126 Ind. 47, 25 N. E. 875. In *Wrassman* v. *State* (1921), 191 Ind. 399, 132 N. E. 673, this court, speaking through Chief Justice Townsend, said: "If the language used by Judge Mitchell in the Cavender case was intended to convey the impression that where there are two *reasonable* hypotheses arising from circumstantial evidence, one of which is innocence and the other guilt, that it is the duty of a court of review to draw the inference of innocence, then this language must be disapproved. If it is meant to be a pronouncement of the law which should govern juries and trial courts, then it is approved."

When circumstantial evidence is such that two conflicting inferences may be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the court on appeal to determine which inference ought to control. *Lee* v. *State* (1901), 156 Ind. 541, 546, 60 N. E. 299; *Howard* v. *State* (1921), 191 Ind. 232, 237, 131 N. E. 403; *Lee* v. *State* (1921), 191 Ind. 515, 519, 132 N. E. 582; *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856; *Polonius* v. *State* (1923), 192 Ind. 664, 665, 138 N. E. 259; *Chaney* v. *State* (1923), 193 Ind. 533, 537, 141 N. E. 223. Also, this court in determining whether the evidence is sufficient to sustain a verdict of guilty will only consider the evidence most favorable to support the finding. *Schulmeyer* v. *State* (1919), 188 Ind. 463, 124 N. E. 490; *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Lee* v. *State, supra; Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460. The injured party with whom appellant had a fight testified in regard to same and another witness testified as to what appellant had told him in regard to the encounter. There was sufficient

evidence to sustain the verdict.   Appellant has failed to show that the verdict was contrary to law.

The appellant has excepted to certain instructions given by the court on its own motion.   Instruction No. 2, after reciting the material allegations of assault and battery with intent to commit murder said: "If the state has established to the satisfaction of the jury beyond a reasonable doubt each of these material allegations, then in that event it is your duty to find the defendant guilty of assault and battery with intent to commit murder or assault and battery to *convict* manslaughter."   It is apparent that the word "convict" was used by mistake for the word "commit." If a mistake in the use of a word in an instruction is so obvious that the jury could not have been misled thereby, the error will be deemed immaterial.  *Anderson* v. *Anderson* (1891), 128 Ind. 254, 27 N. E. 724. One of the material allegations of the crime charged was malice, as stated in the instruction; but as the element of malice did not enter into assault and battery with intent to commit manslaughter, the crime of which he was convicted, he could not have been harmed by said statement.  *Rains* v. *State* (1899), 152 Ind. 69, 52 N. E. 450.   This instruction is not indefinite or misleading, as claimed.

Instruction No. 3 stated that the charge embraced the crime of assault and battery to commit manslaughter and gave some of the elements of manslaughter. We do not find any valid objection to this instruction.

It is earnestly insisted by appellant that instruction No. 5 was misleading, indefinite and not applicable to any evidence in the case.   This instruction is on the subject of evidence to be considered as a whole and reasonable doubt.   The objections to same are not well taken. The principles of law therein set out have been approved by this court in *Goodwin* v. *State* (1883), 96 Ind. 550,

571; *Hinshaw* v. *State* (1897), 147 Ind. 334, 382, 383, 47 N. E. 157; and *Osburn* v. *State* (1905), 164 Ind. 262, 271, 73 N. E. 601.

Instruction No. 6 informed the jury that the charge was assault and battery with intent to commit murder and manslaughter and also included the charge 7. of assault and battery. The objection is that it should have stated that the charge was assault and battery to commit a felony. The crime of assault and battery was defined therein, and the penalty for assault and battery to commit a felony was stated. This instruction should be considered in connection with instructions No. 2 and No. 3 previously given. This instruction might have been better stated in some particulars, but same is not erroneous.

Part of the subject of self-defense was covered by instruction No. 8. We cannot agree that this instruction assumes that the defendant committed the crime charged or any one of the crimes contained therein.

Instruction No. 12 defined a trespasser and stated the force that may be used in ejecting a trespasser. Part of the instruction is too broad and for that reason 8. is not accurate. However, it is the rule that error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 351; *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144; *Robbins* v. *State* (1926), *ante* 304, 149 N. E. 726. The giving of this instruction was not reversible error.

Instruction No. 13 on the subject of malice has been approved by this court in *McDonel* v. *State* (1883), 90 Ind. 320, 328; and in *Davidson* v. *State* (1893), 135 Ind. 254, 263, 264, 34 N. E. 972.

Objection is made to instruction No. 14 for the rea-

son that it should not have stated that the jury had no right to acquit the defendant when he had been

9. proved guilty beyond a reasonable doubt of any one of the crimes charged, as only one crime was charged. As other offenses were embraced therein and as the jury had been instructed concerning same in former instructions, the instruction was not erroneous and the jury could not have been misled thereby.

In instruction No. 21, the law was correctly stated upon the subject of motive and same did not invade the province of the jury, as claimed. A similar instruction was approved by this court in *Morgan* v. *State* (1921), 190 Ind. 411, 416, 417, 130 N. E. 528.

The appellant had requested the court to give all instructions in writing. He claims that there was error in giving instruction No. 23 because the forms

10. of verdict mentioned therein were not in writing. The forms of verdict, four in number, were read to the jury. A direction to the jury as to the forms of verdict is not such an instruction as the court may be required to reduce to writing. *Bradway* v. *Waddell* (1884), 95 Ind. 170; *Lehman* v. *Hawks* (1890), 121 Ind. 541, 23 N. E. 670; *Herron* v. *State* (1897), 17 Ind. App. 161, 46 N. E. 540; Ewbank, Indiana Criminal Law §509. Another objection to this instruction, that it was indefinite and uncertain, is without merit.

The instructions given by the court, as a whole, stated the law correctly, and they were as favorable to appellant as he could have expected. The subject-

11. matter of the instructions tendered by appellant and refused by the court, which are discussed by him, were fairly covered by the instructions which the court gave. It is well settled that where instructions given by the court cover the special instructions asked, the latter may be refused. It is not shown that any

reversible error was committed in the giving or refusal to give instructions.

The judgment is affirmed.