### WILKINSON v. STATE OF INDIANA.

[No. 25,024. Filed May 13, 1926.]

1. JURY.—*Persons that are exempted from jury service are not disqualified, but merely given the right to refuse to serve when they wish to be excused.*—The legislature has provided for exemption from jury service for certain classes of persons, but this exemption is a personal privilege and in no way disqualifies a juror who is otherwise qualified to act as a juror, but merely gives him or her the right to refuse to serve when he or she wishes to be excused. p. 644.

2. JURY.—*Woman householder or freeholder who is voter of the county is qualified juror and competent to serve on jury in criminal case.*—Under §2, Art. 2 of the State Constitution, as amended in 1921 (§91 Burns 1926), and §1833 Burns 1926, a woman who is a householder or freeholder and a voter of the county is a qualified juror and competent to serve as a juror in the trial of a criminal case. p. 644.

3. JURY.—*Juror, either grand or petit, must be resident voter of the county and a freeholder or householder of the county.*—To be a qualified juror, either grand or petit, a person must be a resident voter of the county and a freeholder or householder, and these are the only requisite qualifications. p. 645.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Thomas Wilkinson was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Templer & Benadum* and *William H. Schreiber*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was indicted by the grand jury of Delaware county, State of Indiana, for a violation of §1 of ch. 23, Acts 1923 p. 70.

The charging part of the affidavit is as follows: That one Thomas Wilkinson, late of said county, on or about December 6, 1924, at and in the county and state aforesaid, did then and there unlawfully sell, barter, exchange, give away, furnish and dispose of intoxicating liquor to Sherman G. Parton.

After a motion to quash the indictment had been made and overruled, the appellant entered a plea of not guilty, upon which he was tried by a jury. The jury found the defendant guilty and fixed his punishment at a fine of $500, and that he be imprisoned for six months. Judgment was rendered on this verdict. A motion for a new trial was made and overruled. From the judgment, the appellant appeals. The only question presented by this appeal is whether a woman can be excluded from service on a petit jury in a criminal case solely on account of her sex. In other words, can a woman lawfully serve as a juryman on a petit jury in the trial of a criminal case?

The Nineteenth Amendment to the Constitution of the United States provides that the right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of sex. §51 Burns 1926. After the passage of this amendment, Art. 2, §2 of the Constitution of Indiana was amended to read as follows: "In all elections not otherwise provided for by this constitution, every citizen of the United States of the age of 21 years and

upwards, who shall have resided in the state six months and in the township sixty days, and in the ward or precinct thirty days immediately preceding such election, shall be entitled to vote in the township or precinct where he or she may reside." §91 Burns 1926.

The legislature of this state has prescribed the qualifications of jurors as follows: "To be qualified as a juror, either grand or petit, a person must be a resident voter of the county and a freeholder or householder. Any person shall be excused from acting as a juror who is over sixty years of age and desires to be excused for such reason." §1833 Burns 1926, Acts 1917, ch. 176, p. 688.

The general assembly has also provided for exemption from jury service for certain classes of persons named in the acts providing for their exemption, 1. but this exemption is a personal privilege and in no way disqualifies a juror who is otherwise qualified to act as a juror, but merely gives him or her the right to refuse to serve when he or she wishes to be excused.

It would seem from the plain wording of these constitutional and statutory provisions that any woman who is a resident voter of the county and a free- 2. holder or householder is entitled to sit on a petit jury in the trial of a criminal case.

In the Bill of Rights of the Indiana Constitution, Art. 1, §13, Constitution, §65 Burns 1926, it is provided that in all criminal prosecutions the accused shall have a right to a public trial by an impartial jury in the county in which the offense shall have been committed.

In appellant's brief is contained an extended argument directed to the proposition that, by the common law, women were not qualified as jurors in criminal cases. But in this state, the qualifications of jurors are fixed by statute. The Nineteenth Amendment to

the Constitution of the United States and the amendment to Art. 2, §2 of the Constitution of Indiana, guarantees to women the right of suffrage on an equality with men.

In *Palmer* v. *State* (1926), *ante* 625, it was expressly held that a woman was a qualified and legal member of a grand jury which returned an indictment against the appellant in that case. The court said: "By the Nineteenth Amendment to the federal Constitution, a new class of voters was established in this state. By the amended section of the state Constitution, the qualifications of electors were fixed, and women were given the same voting rights as men. When women became electors in this state, those who were freeholders or householders became eligible to serve as jurors in the county where they were resident voters. The woman on the grand jury * * * which indicted the appellant was not disqualified for jury service because of her sex * * *. As she could act as a grand juror, there is no reason why she was not competent to be the foreman of that body."

To be a qualified juror, either grand or petit, a person must be a resident voter of the county and a freeholder or householder. The only objection urged in the instant case to the juror challenged was her sex and the court did not err in overruling the challenge of said juror, Leota Gruell. *Palmer* v. *State, supra.* See, also, *Parus* v. *District Court* (1918), 42 Nev. 229, 174 Pac. 706, 4 A. L. R. 140; *People* v. *Barltz* (1920), 212 Mich. 580, 180 N. W. 423, 12 A. L. R. 520; *State* v. *Walker* (1921), 192 Iowa 823, 185 N. W. 619; *Commonwealth* v. *Maxwell* (1921), 271 Pa. 378, 114 Atl. 825, 16 A. L. R. 1134; *Neal* v. *Delaware* (1880), 103 U. S. 370, 26 L. Ed. 567.

Judgment affirmed.