JOHNSON *v.* STATE OF INDIANA.

[No. 25,044.   Filed August 14, 1929.]

*William Guthrie* and *Jenkines & Jenkines*, for appellant.

*Arthur L. Gilliom* and *James M. Ogden*, Attorney-Generals, *Edward J. Lennon, Jr.*, and *E. Burke Walker*, Deputy Attorney-Generals, for the State.

GEMMILL, C. J.—The appellant was charged by an indictment in two counts with having unlawfully, feloniously, purposely and with premeditated malice killed and murdered Arnott B. Cowgill, on August 6, 1924, in White County, State of Indiana. He waived arraignment and entered a plea of not guilty to each count. The verdict of the jury found the defendant guilty of murder in the second degree. The court pronounced judgment upon the verdict and sentenced him to confinement in the Indiana State Prison during life.

The defendant filed a verified plea in abatement prior to the time that he entered a plea of not guilty. The State filed a reply in general denial to this plea. A trial by the court resulted in a finding for the State that the plea in abatement be denied, and

that the cause do not abate. Two of the assignments of error are that the court erred in denying the plea in abatement and in refusing to abate the action, and in entering judgment in favor of the appellee upon the issues tendered by the plea in abatement and the reply thereto. Alleged errors in the hearing on a plea in abatement must be raised by the filing of a motion for a new trial on such plea, and by making the alleged errors reasons for such new trial. *Williams* v. *State* (1907), 169 Ind. 384, 82 N. E. 790. Another assignment of error is the overruling of appellant's motion for a new trial on the plea in abatement. The evidence heard by the court at the trial on the plea in abatement is not in the record in either the general bill of exceptions or in a special bill of exceptions. Where the evidence heard on the issues formed by the plea in abatement and reply thereto is not in the record by bill of exceptions, this court may presume that the plea in abatement was properly denied because the facts alleged therein were disproved by such evidence. Also, the motion for a new trial on the plea does not appear in the record. The appellant has failed to present any question to this court on the rulings in regard to the plea in abatement.

The fourth error assigned is that the court erred in overruling appellant's motion to quash the indictment. Appellant says that the grand jury which found the indictment had no legal authority to inquire into the offense charged because there were women on the grand jury. This court has held that when women became voters in this state, those who were freeholders or householders became eligible to serve as jurors, and, therefore, were eligible to serve as members of the grand jury. *Palmer* v. *State* (1926), 197 Ind. 625, 150 N. E. 917; *Wilkinson* v. *State* (1926), 197 Ind. 642, 151 N. E. 690. It is not claimed that the women who served on said grand jury were not freeholders or householders.

It is also said by the appellant that the indictment is not indorsed or signed by the prosecuting attorney for the Thirty-ninth Judicial Circuit of Indiana. When an indictment is found by the grand jury, it must be signed by the prosecuting attorney, Acts 1905, ch. 169, §110, §2143 Burns 1926. From the record, it appears that the indictment was signed as follows: "Glenn R. Slenker, Prosecuting Attorney." This was sufficient. The facts stated in each count of the indictment constituted a public offense and in each count the facts were stated with sufficient certainty. The court did not err in overruling the motion to quash the indictment.

The fifth alleged error was based on the fact that the court rendered judgment before the expiration of the time allowed by law for appellant to file a motion for a new trial. Since the enactment of the code of 1881, a motion for a new trial could be filed after judgment. *Calvert* v. *State* (1883), 91 Ind. 473; *Ex parte Huffman* (1914), 181 Ind. 241, 104 N. E. 511. As a motion for a new trial may be filed after judgment, the rendition of a judgment by the court before the filing of the motion for a new trial does not prejudice the rights of a defendant. *Quinn* v. *State* (1890), 123 Ind. 59, 23 N. E. 977. When the judgment was entered, it was ordered that a commitment was not to issue until the further order of the court and same was not issued until after the motion for a new trial had been overruled. The court did not err in entering judgment at the time stated.

Appellant's motion for a new trial, containing 56 causes therefor, was overruled. Many of these causes are not presented for review and are waived.

The Supreme Court, in determining the sufficiency of the evidence to sustain a verdict of guilty, will consider

only the evidence most favorable to support the verdict. *Schulmeyer* v. *State* (1919), 188 Ind. 463, 124 N. E. 490; *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460; *Faulkenberg* v. *State* (1926), 197 Ind. 491, 151 N. E. 382.

By the evidence, the following facts are shown: On August 6, 1924, the defendant, Charles Edward Johnson, was 57 years of age, was a carpenter, and resided in the town of Wolcott, in White County, Indiana. On that date, Arnott B. Cowgill, known as Bert Cowgill, was 57 years old and was the marshal of said town of Wolcott. On the morning of that day, the defendant was unable to find his pocket-book containing $60 in his home. In looking for it, he found his pistol under a pillow and put the pistol in his pocket. He then went to the state bank of Wolcott for the purpose of making inquiry as to his bank balance. Upon reaching the bank, he entered the front door and in going to the cashier's window, he met Arnott B. Cowgill, to whom he spoke. The defendant then went to the cashier's window and made inquiry as to his bank balance. Upon being told by the cashier that he had no balance, he turned and left the bank. He started in the direction of his home. After the defendant had walked about 15 feet, the marshal, who was at or near the bank door, called to him, but the defendant did not hear the call or if he heard it, did not stop. Then Cowgill called a second time and in a louder tone, whereupon the defendant stopped and turned around, when the marshal approached him and said in substance: "Ed, you must get off the streets and keep off to-day." To which the defendant answered: "Bert, I have as much right on the streets as any one. I am going home looking for some money." One witness, who was across the street,

testified that he heard some one say: "I place you under arrest." And he said that he knew the marshall was on the other side of the street from him when the trouble occurred. The defendant placed his right hand on the marshal's shoulder, and the latter brushed it away. Six witnesses testified that the defendant then struck Cowgill, and Cowgill struck the defendant with his mace four or five times. The defendant then drew a revolver and fired six times, five of the bullets entering the body of Cowgill. The striking and shooting continued until the defendant fell with the marshal on top of him. Cowgill died soon thereafter from the effects of the bullet wounds. Three witnesses testified that in their opinion, the defendant was intoxicated. Eleven witnesses said that the reputation of the defendant for peace and quietude, on the day of and prior to the killing, in and around Wolcott was bad. One witness testified as to a threat the defendant had made against Bert Cowgill and another witness as to a threat against "Bert or any officer." The defendant testified: "I was shooting at him and I meant to shoot at him because I was afraid he was going to kill me."

Section 2159 Burns 1926 provides as follows: "If, after notice of the intention to arrest the defendant, he either flees or forcibly resists, the officer may use all necessary means to effect the arrest." In *Durham* v. *State* (1927), 199 Ind. 567, 159 N. E. 145, it was held that an officer, having the right to arrest one guilty of a misdemeanor, may use all the force that is reasonably necessary to accomplish the arrest, excepting that he may not kill him or inflict great bodily harm endangering his life when he is fleeing; and he may also overcome resistance with such force, short of taking life, as is necessary to effect the arrest. The claim of appellant that he acted in self-defense is not established by the evidence. The evidence was sufficient to sustain the verdict.

The appellant insists that the evidence of the witnesses who testified that in their opinion the defendant was intoxicated was incompetent. In *Commonwealth* v. *Eyler* (1907),217 Pa. 512,66 Atl. 746, 11 L. R. A. (N. S.) 639, it was held that a nonexpert may give his opinion as to another's intoxication. In a note to this case in the last report cited, it is said: "It has been held as a general rule, without a single decision found to the contrary, that a witness not an expert may give his opinion as to whether or not a person is intoxicated, it naturally being understood that he had the opportunity to observe the facts upon which he bases his opinion." This rule is supported by the case of *People* v. *Eastwood* (1856), 14 N. Y. 562, and by other cases in New York and in other jurisdictions. The evidence regarding the intoxication of the defendant was competent.

The State introduced in evidence the blood-stained clothing worn by the deceased at the time he was wounded by the defendant. It is the contention of the appellant that the court erred in permitting same as evidence. The clothing of the victim of a homicide, if properly identified, may be exhibited on the principle that it is a part of the *res gestae*, to illustrate the nature of the wounds, the manner and means of death, or to throw light upon any material matter at issue, which is controverted or in doubt. Underhill, Criminal Evidence §101. On a trial for murder, the clothing worn by the deceased at the time of the encounter, which resulted in his death, may be exhibited to the jury. *Story* v. *State* (1885), 99 Ind. 413; *Davidson* v. *State* (1893), 135 Ind. 254, 34 N. E. 972; Elliott, Evidence §§1223, 3028. The clothing constituted proper evidence.

Alleged misconduct on the part of the prosecuting attorney in his argument to the jury cannot be reviewed

on appeal if objection was not made to the statements and actions of the officer, and request was not made to the court to instruct the jury concerning same, with exception if refused. There was no objection or exception or motion by defendant in regard to the alleged misconduct.

A witness testified that the defendant said to him that Cowgill had been looking through his house, and that the defendant made certain threats against Cowgill. Motion of the defendant to withdraw and strike out this evidence was overruled. The reason for this motion was that the conversation did not show that the defendant meant the party who later was killed. The evidence shows that in the threat which was made, the defendant named Bert Cowgill. There seems to be no doubt about whom the defendant was talking. The action of the court in regard to this evidence was not erroneous.

Another witness testified that he had a conversation with the defendant in which the latter made certain threats against officers. His reference was to "Bert or any other officer." In *Brown* v. *State* (1886), 105 Ind. 385, 5 N. E. 900, it was held that testimony of threats against a class to which the deceased belonged was admissible for what it was worth. In *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105, in a trial where the defendants were charged with murder, it was held that the State could prove that on occasions previous to the crime charged, they had made threats of a general character when the decedent was within the scope of the threats uttered. In this case, the deceased was a member of the class against which the threat was made by the defendant, and also there was a reference to the marshal by the name by which he was generally known. The evidence was properly admitted.

The defendant asked the court to instruct one of his

witnesses, who was having trouble in testifying, as to what was meant by general reputation for peace and quietude. He claims that the refusal of the court to do this was error, but does not give any reason why it was the duty of the court to instruct the witness as requested. This action of the court was not erroneous.

The defendant's motion to strike out the written statement of the defendant designated as State's Exhibit No. 9, was for the reason that the statement embraced matters not properly provable against the defendant upon trial for murder. This motion was overruled. Appellant has, however, at no place in his brief set forth the statement or substance of same, and he has not attempted to support the point by any authority. He has failed, therefore, to present this question for review.

It is insisted by the appellant that reversible errors were committed by the court in refusing to give each of the following instructions, Nos. 14, 21, 24, 29 and 32, tendered by the defendant. Said instruction No. 14 was on the subjects of intent and self-defense. Instructions Nos. 12 and 26 on these subjects, given by the court on its own motion, were sufficient. The appellant says that defendant's instruction No. 21 was a correct statement of the law and true guide of the jury in passing on the guilt or innocence of the defendant. Instructions Nos. 11, 12, 13 and 22, tendered by the defendant and given by the court, covered the substance of said refused instruction and were correct statements of the law. Instruction No. 24, requested by the defendant, was substantially set forth in the court's instruction No. 26. Some of the instructions asked by the defendant and given by the court were on the same subject as No. 24. Said instruction No. 29 was on

the subject of a town marshal taking the oath of his office. This instruction was not necessary, and the refusal to give same was not error or prejudicial to the defendant. Defendant's tendered instruction No. 32, it is claimed by the appellant, was a fair and true statement of the conditions as they existed and surrounded the defendant and the deceased at the time of the homicide. This instruction leaves out the fact established by the evidence that the defendant struck the first blow. The instruction was properly refused. The court did not err in refusing to give defendant's said five requested instructions. And it may be added that 25 instructions requested by the defendant were given.

The first and fourth causes for a new trial are not statutory causes. The appellant has failed to show that the verdict of the jury is contrary to law. Other causes for a new trial, which have not been reviewed, are either waived or not presented in such manner as to merit consideration. It appears that the court did not err in overruling the motion for a new trial.

Alleged error in overruling defendant's motion in arrest of judgment is not presented by the appellant.

The judgment is affirmed.