### SHANNON *v.* STATE OF INDIANA.

[No. 26,267. Filed December 12, 1934. Rehearing denied February 25, 1935.]

*Richard S. Kaplan,* and *Oscar B. Thiel,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant appeals from a conviction on a charge of assault with intent to commit robbery. He was tried by the court without the intervention of a jury.

The only error assigned is that the trial court erred in overruling appellant's motion for a new trial. The cause assigned in the motion for a new trial is that the finding and judgment is not sustained by sufficient evidence.

The affidavit filed, charged that Marshall Norman, John C. Roscoe, and the appellant committed the crime on May 31, 1932. Norman and Roscoe were found guilty as charged and sentenced to the Indiana State Reformatory.

The evidence shows that on the night of May 31, 1932, Norman and Roscoe entered the office of the Michigan Central Railroad Company at Hammond, Indiana, with the intent to rob the safe therein. One Josephine Engleton was a ticket seller in the office. Norman and Roscoe appeared at the office at about 12:30 A. M. and inquired about trains. When they appeared at the ticket office, Miss Engleton answered their questions and started away from the window when Norman pointed a gun through the window and said, "Hold still lady, this is a stickup," and that, "this young man (Roscoe) has a key." At this time a Mr. Eglebrecht, also an employee of the company, was asleep in the corner of the office, he was awakened by the conversation and scraped his feet on the floor and frightened Norman and Roscoe and they immediately fled. They were later apprehended, made a confession, and implicated Shannon, the appellant. They later repudiated part of their confession.

The appellant, Shannon, had formerly been an employee in the office of the Michigan Central Railroad Company at Hammond, Indiana, and had access to the

keys of the office and the combination of the safe. A duplicate key to the office and a paper containing the combination to the safe was taken from Roscoe when he was arrested, and the evidence shows that Shannon gave the key and combination to Norman and Roscoe.

It appears from the evidence that Shannon was slightly acquainted with Norman and Roscoe and that about midnight on May 30, 1932, rented a Ford Convertible Coupe from a firm operating a "Drive it Yourself System" at 608 South Wabash Avenue, Chicago, Illinois, and the same was returned by Shannon about 4:30 A. M. It was Shannon's contention that he rented the car for Norman and Roscoe and that they gave him five dollars in addition to the regular charge. He claimed that Norman and Roscoe wanted the car to drive around to look for work. At the time of the attempted robbery a Ford coupe was parked by the station and it was the theory of the State that Shannon was driving the car and was waiting in the car when Norman and Roscoe went in the station, and when they became frightened and ran out of the station Shannon drove the car away leaving them. They ran up the street and were later caught, and the evidence clearly shows they did not escape in the automobile, and it was returned by Shannon at about 4 A. M., May 31.

Shannon was arrested in Chicago, and the evidence shows Norman and Roscoe identified Shannon as the man who was with them although they later denied this. And the evidence shows that while the officers in Chicago were talking with Shannon concerning requisition papers Roscoe called Shannon a fool and said to him, "If you would not have left us there we would not be here ourselves." Shannon made no reply to this statement. At the same time Norman also said to Shannon, "What did you run away and leave me there for?" Shannon made no reply.

At the trial of the defendants, Richard S. Kaplan, an attorney, of Lake County, represented Shannon and filed the original brief in this court for Shannon. Later, Oscar B. Thiel, appeared in this court and filed a reply brief for the appellant. Shannon had a separate trial and Norman and Roscoe did not appeal. Mr. Thiel, in his reply brief for the appellant, sets out the fact that Kaplan was incapable as a lawyer to properly represent Shannon and for this reason he did not receive a fair and impartial trial. That improper evidence was permitted to be introduced to the prejudice of the appellant and that proper assignments of error were not filed in this court. It may be that it was unfortunate for the appellant that he selected Kaplan to represent him, but even so, we are clearly of the opinion that the truth of the facts of the case were properly brought to light and that the guilt of the appellant was clearly shown. There can be no question but that there was sufficient evidence to sustain the finding and judgment.

This court will not weigh the evidence. If it is sufficient to sustain the verdict or finding of the lower court it will not be disturbed on appeal. *Keith* v. *State* (1901), 157 Ind. 376, 61 N. E. 716. And this court, in determining whether the evidence is sufficient to sustain a verdict of guilty, will only consider the evidence most favorable to support the finding. *Faulkenberg* v. *State* (1925), 197 Ind. 491, 151 N. E. 382.

Some of the evidence in the instant case is circumstantial, but when circumstantial evidence is such that two conflicting inferences may be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the providence of this court on appeal to determine which inference ought to control. *Faulkenberg* v. *State, supra.*

The lower court did not commit error in overruling appellant's motion for a new trial.

Judgment affirmed.