TOMMY M. HICKS *v.* STATE OF INDIANA.

[No. 2-174A45. Filed May 20, 1975.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

WHITE, J.—Appellant Hicks was charged by affidavit with the offenses of first degree burglary[1] and forcible rape. A jury found him guilty of both offenses. He received an indeterminate sentence of 10 to 20 years for the burglary conviction and an indeterminate sentence of 2 to 21 years for the forcible rape conviction.

In this appeal Hicks raises three issues: Whether there is sufficient evidence to support his conviction of burglary in the first degree; whether it was error for the trial court to permit witnesses to testify as to his degree of intoxication; and whether the trial court's instruction on intoxication as a defense was correct.

We affirm.

The evidence shows that the victim, a 14 year old girl, was baby sitting overnight with a child whose mother was at work. All doors and windows in the house were closed. Around six in the morning she was awakened by a telephone call. The then unidentified caller first determined that she was alone and asked if he could come over, a request that was refused. (Other witnesses testified to having seen and heard Hicks make the call.) She went back to sleep on the living room couch and a short time later was awakened once more, this time by a persistent knocking on the front door. Whoever was knocking went around and started knocking on the back door, at which time she looked out the front window and saw a car she recognized as belonging to Hicks. The caller returned to the front door and resumed knocking. She lay down and covered up. The caller again went to the back and this time she heard a noise other than knocking. Then someone came from the back bedroom and down the hall, looking in the other bedrooms on the way, until he entered the living room and found her on the couch. He then hit her, threatened to kill her, and raped her. She recognized Hicks, a friend of her brother whom she had seen several times

---

1. In this instance, breaking and entering into a dwelling house or place of human habitation with the intent to commit a felony, rape, therein.

before. The child's mother returned shortly after the intruder left and the police were summoned. Investigation showed that an aluminum window screen outside the back bedroom window had been forced off from the outside, that the window, which the victim had closed earlier, was opened, that there were footprints in the mud outside the window, and that there was mud on the bedroom floor beneath the window.

Hicks pleaded not guilty and not guilty by reason of insanity. Two court-appointed psychiatrists testified that, in their opinion, he was legally sane. His basic trial defense was intoxication, that he had been drinking heavily and had taken LSD, and that he had no recall of anything that happened.

Hicks' first argument in this appeal is that there is no evidence that he is the one who broke into the house through the back window since first, no one saw him doing it, second, his fingerprints weren't found on the screen or window frames (no identifiable prints at all were found), and third, a picture of footprints in the ground outside the window indicates that they were made by someone wearing "work shoes" while the evidence shows that on the night in question Hicks was wearing a suit, a costume not normally worn with "work shoes". These arguments challenge the weight of the evidence, not its sufficiency.

The rule for appellate review of the evidence in criminal cases, as stated by the highest court of our state in *Buise* v. *State* (1972), 258 Ind. 321, 327, 281 N.E.2d 93, 97, is:

> "[The reviewing court] will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. [Citations omitted.] A conviction must be affirmed, if having applied this rule, there is evidence of probative value from which the trier of facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. [Citations omitted.]"

We have applied that test and are satisfied that the evidence and reasonable inferences therefrom are sufficient to sustain the verdict.

Hicks' second argument is that the Court erred in allowing three prosecution witnesses, including the victim, to express their opinion as to whether Hicks was intoxicated. It is the law in Indiana, as in other jurisdictions, that a non-expert witness may give his opinion as to another's intoxication. *New* v. *State* (1970), 254 Ind. 307, 312, 259 N.E.2d 696, 699; *Johnson* v. *State* (1929), 201 Ind. 264, 271, 167 N.E. 531, 533.

Hicks' third argument is that the trial court erred in giving the following instruction:

"Temporary mental incapacity, as a result of being under the influence of a narcotic or dangerous drug taken voluntarily and not on the prescription of a physician, furnishes no legal excuse for the commission of a crime.

"However, such incapacity may produce a state of mind which prevents the defendant from being able to form a specific intent. I have already instructed you concerning the specific intent which you must find before you can convict the defendant of first degree burglary, entering to commit a felony, rape, assault and battery with intent to commit a felony, or assault and battery with intent to gratify sexual desires. If the defendant was suffering from temporary mental incapacity, as a result of being under the influence of a narcotic or dangerous drug, so that he could not at the time form the necessary specific intent, then he would not be guilty of any of those crimes."

The above instruction is both an accurate statement of the law in Indiana concerning voluntary intoxication, whether produced by alcohol or by drug (*Emler* v. *State* (1972), 259 Ind. 241, 246, 286 N.E.2d 408, 412; *Snipes* v. *State* (1974), 261 Ind. 581, 307 N.E.2d 470, 471) and an accurate application of such law to this case.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 328 N.E.2d 219.